STATE OF FLORIDA *ex rel.* EDWARD A. HALEY, *Plaintiff in Error,* v. JOHN S. TAYLOR *et al.,* COUNTY COMMISSIONERS OF PINELLAS COUNTY, *Defendants in Error.*

Opinion filed May 12, 1919.

WRIT OF ERROR IN MANDAMUS TO COMPEL REMOVAL OF NAMES OF PETITIONERS FROM PETITION FOR LOCAL OPTION ELECTION TO DETERMINE THE PROHIBITION OF THE SALE OF LIQUORS—WILL BE DISMISSED WHEN THE CONSTITUTION OF THE STATE HAS BEEN AMENDED, ABROGATING LOCAL OPTION AND SUBSTITUTING IN ITS STEAD STATE WIDE PROHIBITION—IN SUCH A CASE THE CIRCUIT JUDGE IS WITHOUT AUTHORITY TO PRESCRIBE AS A CONDITION OF A SUPERSEDEAS BOND THAT THE PLAINTIFF IN ERROR SHALL PAY THE ATTORNEY FEES OF THE DEFENDANTS IN ERROR IN THE EVENT THE WRIT OF ERROR IS DISMISSED.

1. A writ of error brought in a mandamus proceeding to compel the Board of County Commissioners to expunge certain names from a petition for the calling of a local option elec-

tion to determine whether the sale of intoxicating liquors shall be prohibited in said county, will be dismissed in the Appellate Court when a constitutional amendment has been adopted by the people, that abrogates local option elections in such cases and substitutes State wide prohibition in its stead.

2. The circuit courts in prescribing the conditions of a supersedeas bond on writ of error in such cases, have no authority to prescribe that the plaintiff in error shall pay the attorneys fees of the defendant in error in the event said writ of error is dismissed.

A Writ of Error to the Circuit Court for Pinellas County; O. K. Reeves, Judge.

Writ of Error dismissed.

*W. D. Sheffield, Leroy Brandon* and *A. W. Gage,* for Plaintiff in Error;

*Davis & Pierce,* for Defendants in Error.

PER CURIAM.—This cause involving an application by the plaintiff in error for a writ of Mandamus against the defendants in error as County Commissioners of Pinellas County to refrain from calling and holding a local option election and to strike from the petition for said election the names of divers persons on their request to withdraw therefrom, coming on for oral argument, and the court taking judicial notice of the fact that since the institution of this proceeding and since the writ of error therein to this court a constitutional amendment has been adopted at an election held by the people of the State by which State wide prohibition has been established in this State, and that local option elections to determine whether the

sale of intoxicating liquors shall be prohibited in any county thereof is by said constitutional amendment entirely abrogated, and that, therefore, all the questions involved involved in this writ of error have become moot questions the said writ of error is hereby dismissed at the cost of the plaintiff in error.

The supersedeas order heretofore granted by a judge of this court had no other effect than to supersede that feature of the judgment appealed from that dismissed the entire mandamus proceeding of the plaintiff in error, it did not re-instate the alternative writ of mandamus, nor did it have the effect of postponing, stopping or restraining the local option election as then proposed to be called and held. The Circuit Judge in fixing the conditions of the supersedeas bond to be given by the plaintiff in error prescribe conditions therefore that were not authorized or sanctioned by law, viz: that the plaintiff in error, who was the plaintiff in the court below, should pay all damages and costs including solicitors' fees that the defendants in error might be put to in consequence of the suing out of the writ of error in the event the judgment below was either affirmed or the writ of error dismissed by the appellate court. These conditions of the bond are nugatory and unauthorized by law. The presumption is that the plaintiff in error who was the plaintiff below, had already paid all costs in the court below before suing out his writ of error, therefore his only further liability upon the dismissal of the writ of error here, are the costs taxable in this court.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, JJ., concur.