E. D. Vestel, J. M. Cook and E. G. Hauselt, *Plaintiffs
in Error,* v. E. P. Eagerton, *Defendant in Error.*

En Banc.

Opinion Filed July 8, 1926.

1. Where supersedeas bond is given in an appeal from a judg-
ment of ouster in quo warranto proceedings, and in an action
at law upon such bond the undisputed evidence shows that
the defendant in error in such appeal by reason of the super-
sedeas was prevented from collecting two months' salary
which the plaintiff in error received, and that the defendant
in error expended a certain amount for costs in such appeal,
judgment should be given for the plaintiff in said suit on
the supersedeas bond for the amount of such salary and the
costs proven to have been expended by him.

2. A supersedeas bond in an appeal from a judgment of ouster
in quo warranto proceedings which is conditioned to pay
"All damages and costs in the cause if the judgment of ouster
should be affirmed," does not authorize judgment against
the defendants in such action on the bond for attorney's
fees.

A Writ of Error to the Circuit Court for Orange
County; C. O. Andrews, Judge.

Judgment reversed, for entry of proper judgment.

*E. W. & R. C. Davis,* for plaintiffs in Error;

*W. B. Crawford* and *Alexander Akerman,* for Defend-
ant in Error.

Koonce, Circuit Judge.—The defendant in error sued
the plaintiffs in error in the Circuit Court of Orange
County upon their supersedeas bond given in an appeal

from a certain *quo warranto* proceedings in Orange County wherein a judgment of ouster had been rendered against the plaintiff in error Vestel and awarding the office of Chief of Police of the City of Orlando to the defendant in error Eagerton.

There are several assignments of error but they may all be disposed of in the consideration of one question, that is what may be included in the term "damages" used in the supersedeas bond. The verdict of the jury and judgment of the court was for the sum of six hundred and twenty-six dollars and twenty cents. The undisputed evidence shows that the amount was arrived at by allowing the sum of Four hundred and fifty dollars as two months' salary which the defendant in error Eagerton was prevented collecting by reason of the appeal, and which the plaintiff in error Vestel received, also the sum of nine dollars and twenty cents costs paid by him in the suit. The remainder was allowed as attorney's fees.

The bond was conditioned to pay "all damages and costs in the said cause" if the judgment in the *quo warranto* should be affirmed by the Supreme Court. The appeal being dismissed the judgment was affirmed, thereby declaring that the defendant in error, Eagerton, was entitled to the office and the emoluments thereof. Being deprived of such salary for two months by reason of the supersedeas, it logically follows that this was proper damage to be awarded. It was not proper, however, to award any sum for attorney's fees.

Inasmuch as the evidence was uncontradicted as to the amount of the salary and the costs expended, the judgment is reversed for the entry of a proper judgment for the amount of the salary, being four hundred and fifty dollars, and costs expended in the suit, being nine dollars and twenty cents, together with the costs in the present suit.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Circuit Court in this cause should be, and the same is hereby, reversed for the entry of a proper judgment for the amount of the salary, being four hundred and fifty dollars, and costs expended in the suit, being nine dollars and twenty cents, together with the costs in the present suit.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL AND BUFORD, J. J., concur.