JOHN W. DuBOSE, COUNTY JUDGE IN AND FOR DUVAL COUNTY, AND CHARLES T. BRANHAM, *Plaintiffs in Error,* v. HERMAN G. MEISTER, *Defendant in Error.*

Division B.

Opinion Filed November 29, 1926.

1. The writ of error will be dismissed where no practical result could be attained by reviewing the questions therein contained.

A Writ of Error to the Circuit Court for Duval County; DeWitt T. Gray, Judge.

Dismissed.

*C. O. Andrews,* for Plaintiffs in Error;

*Edgar W. Waybright,* for Defendant in Error.

PER CURIAM.—In this case complaint was filed before Hon. John W. DuBose, as County Judge of Duval County, against Herman G. Meister praying for an order that a license issued to the said Meister on the 21st day of October, 1925, as a real estate broker be cancelled upon grounds set forth in the complaint. The County Judge assumed jurisdiction of the matter and thereupon a suggestion praying a writ of prohibition was filed in the circuit court of Duval County, Florida, seeking to prohibit John W. DuBose as County Judge from exercising jurisdiction to try the complaint above referred to. On the 24th day of July, 1926, an order for writ of prohibition was made and entered by the Circuit Judge. From this order writ of error was sued out.

On November 9th, 1926, the defendant in error moved to dismiss the writ of error upon the ground that the question involved in the appeal is a moot question and no practical result could be accomplished by reviewing the questions therein involved.

A decision by this Court of the questions involved could be of no practical effect. This Court takes judicial notice of the fact that the license which was sought to be revoked expired on the 30th day of September, 1926. If this Court, following the law as construed and enunciated in the opinion in the case of Harry E. Prettyman, Inc., v. Fla. Real Estate Commission, ex rel. — Fla. —; 109 Sou. 442; should

reverse the order of prohibition it could avail nothing, because the license which is sought to be revoked by order of the County Judge no longer exists and therefore, no effective order could be made by the County Judge revoking the same.

The writ of error will be dismissed where no practical result could be attained by reviewing the questions therein contained. (Winburn v. Huey, 44 Fla. 739.; 33 Sou. 248; St. v. Taylor, 77 Fla. 607; 82 Sou. 604).

The writ of error is now dismissed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.