T. V. CONWAY, J. BANKS KURTS, and MAUDE M. BURKET, v. JOHN E. WILSON and RUTH TURNER WILSON.

181 So. 385.
Opinion Filed April 9, 1938.
Rehearing Denied June 6, 1938.

*W. W. Whitehurst,* for Appellants;
*Ives & Kinsey,* for Appellees.

PER CURIAM.—This cause is before the court on appeal from an order dismissing the bill of complaint on the theory that the bill of complaint was insufficient in law in that it

failed, among other things, to allege that the plaintiff was not in possession of the property described in the bill. The briefs here concede this to be the pivotal point of the case. We shall consider the case at bar as considered by the parties in the lower court.

We do not think it necessary for a bill of complaint in a suit to quiet title to land to allege that the plaintiff is in possession of the property. See Sections 5005, 5010 C. G. L.; McDaniel v. McElvy, 91 Fla. 770, text 794-5, 108 So. 820, 51 A. L. R. 731, where Mr. Justice STRUM considered the question of possession in a suit to quiet title.

The court below no doubt sustained the motion to dismiss under Sawyer v. Gustason, 96 Fla. 6, 118 So. 57, and Zetterland v. Stratton, 93 Fla. 1118, 113 So. 562. In Sawyer v. Gustason, 96 Fla. text pages 9 and 10, which dealt with a case decided before Chapters 10,223 and 11,838, Acts of 1925, were adopted, this Court said:

"The bill was evidently filed under Sec. 3213, Rev. Gen. Stats., which is derived from an Act of 1899. This Act made it possible for a party, whether in actual possession or not, claiming title to real estate, to bring suit to quiet such title against any person *not in actual possession* who claims an adverse interest or estate, legal or equitable, therein. But this statute did not attempt to change the old rule that a person claiming the legal title to land in the possession of another could not maintain a bill in equity against such person in possession to quiet the complainant's title or remove as a cloud therefrom the claim of such party in possession. For in such case the complainant, having a claim of title, legal in its nature, and the defendant being in possession, had an adequate remedy at law by ejectment, and the defendant could not, by proceedings in equity to quiet title or remove a cloud, be deprived of his right to trial by jury in ejectment proceedings at law. Patton v.

Crumpler, 29 Fla. 573, 11 So. R. 225; Sloan v. Sloan, 25 Fla. 53, 5 So. R. 603; Gamble v. Hamilton, 31 Fla. 401, 12 So. R. 229; Graham v. Fla. L. & M. Co., 33 Fla. 356, 14 So. Rep. 796; Trustees v. Gleason, 39 Fla. 771, 23 So. R. 539; Briles v. Branford, 54 Fla. 501, 44 So. R. 937. Before this statute was adopted, the rule was that, in bills to quiet title or remove clouds from title, it must have been shown that the complainant was in possession of the land, or that the land was wild and unoccupied. Watson v. Holliday, 37 Fla. 488, 19 So. R. 640; Simmons v. Carlton, 44 Fla. 719, 33 So. R. 408; Morgan v. Dunwoody, 66 Fla. 522, 63 So. R. 905 * * *"

While the bill of complaint is defective under Section 5005 C. G. L., and McDaniel v. McElvy, *supra,* it is sufficient to withstand the attacks of motion to dismiss, but should be amended.

See also Hawkins v. Rellim Inv. Co., 92 Fla. 784, 110 So. 350.

The cause is reversed for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

Ellis, C. J., and Whitfield, Terrell, Brown and Chapman, J. J., concur.

Buford, J., dissents.