R. H. GORE, Plaintiff in Error, v. NEWS-JOURNAL CORPORATION; JULIUS DAVIDSON, and HERBERT M. DAVIDSON, Defendants in Error.

1 So. (2nd) 559
Division B
Opinion Filed April 8, 1941
Rehearing Denied April 25, 1941

*McCune, Hiaasen & Fleming* and *Fleming Bomar,* for Plaintiff in Error.

*Green & West* and *Alfred A. Green,* for Defendants in Error.

PER CURIAM.—This case is before the Court on writ of error to a final judgment in behalf of the defendant below entered by the Circuit Court of Volusia County, Florida. Suit was brought to recover certain enumerated items for the alleged breach of a supersedeas bond. The lower court sustained a demurrer to the declaration and the plaintiff below refused to amend the original declaration, and a final

judgment for the defendant below was entered and this ruling is alleged to be erroneous on writ of error to this Court.

The material allegations of the declaration are that R. H. Gore was the owner of 40% of the stock of the News-Journal Corporation, which published two daily newspapers at Daytona Beach and was the largest individual stockholder thereof; that he requested permission to examine the corporate books and records in order that he might determine the value of his stock. Mr. Gore was likewise interested in a rival afternoon newspaper published at Daytona Beach. The officers of the News-Journal Corporation declined permission to examine the corporate books and records, when he instituted mandamus proceedings in the Circuit Court of Volusia County and a peremptory writ was awarded, ordering the officers of the News-Journal Corporation to grant Mr. Gore, a stockholder, the right to examine the corporate books and records. From the order entered by the Circuit Court of Volusia County awarding the peremptory writ of mandamus against the News-Journal Corporation and its officers, writ of error was sued out and an appeal perfected to the Supreme Court of Florida, and an application was made for an order fixing the terms and conditions of the supersedeas order staying the execution of the peremptory writ of mandamus. An order was entered by the circuit court fixing the terms and conditions of the supersedeas. The News-Journal Corporation, in order to stay the execution of the peremptory writ of mandamus, was required to post a bond with approved surities in the principal sum of $5,000.00, payable to R. H. Gore, conditioned for the payment of all costs and damages which R. H. Gore may sustain if the said peremptory writ of mandamus shall be affirmed or the writ of error quashed.

On March 10, 1939, the Supreme Court of Florida filed

an opinion in the case of News-Journal Corporation, *et al.,* v. Gore, 136 Fla. 620, 187 So. 271.

The declaration states further that R. H. Gore had to expend the sum of $90.00 for printing the original brief filed in the Supreme Court; $47.50 for printing the supplemental Supreme Court brief; $31.50 in traveling to Tallahassee in attending the oral argument before the Supreme Court; and was required to pay attorneys' fees in the sum of $5,000.00 for services rendered in the Supreme Court of Florida in defending the case of News-Journal Corporation, *et al.,* v. Gore, *supra.*

The items sought to be recovered are fully described in the declaration, and the supersedeas order dated March 29, 1938, entered by the circuit court and a copy of the supersedeas bond and the mandate of the Supreme Court in the mandamus proceedings are identified as exhibits and attached to the declaration.

The grounds of the demurrer as sustained by the circuit court are viz: (a) the declaration states no cause of action; (b) the several items of damages claimed are not recoverable under the averments of the declaration; (c) counsel fees in the sum of $5,000.00 are not alleged to be reasonable for the services rendered; (d) the damages claimed are not alleged to have accrued solely and exclusively in connection with the supersedeas or stay of the execution of the peremptory writ; (e) it is not alleged that the items of cost were incurred in connection with the supersedeas order or bond; (f) the opinion of the Supreme Court does not affirm the judgment of the lower court but is an original and different judgment rendered by the Supreme Court of Florida, and there was not a breach of the supersedeas bond.

In the case of News-Journal Corporation, *et al.,* v. Gore *supra* (136 Fla. text pages 624-5), the Court said:

"The judgment below is therefore affirmed but with direc-

tions to the trial court to amend the peremptory writ by designating some one entirely neutral between the parties to examine the records and books of respondents and make report of such matters and findings as will enable relator to ascertain the value of his stock, such investigation to be made under the restrictions here stated and with due reference to the rights of relator and respondents."

It is our conclusion that the judgment of the lower court so entered and assigned was on appeal to this Court duly affirmed. While it is true that additional directions to be adopted by way of amendment of the peremptory writ so as to designate a competent individual impartial to the parties and controversy to examine the records and books of the News-Journal Corporation and to report the result thereof so that R. H. Gore would be advised as to the value of his stock therein were given, it is our conclusion that such additional instructions in the order of affirmance in no manner affected the merits but that the instructions were designed only to promote impartiality and efficiency in the examination of the books and records. See 4 C. J. 1274-1276, pars. 3362-3367, inclusive.

Counsel for plaintiff in error pose the question, viz.: Where there is a breach of the terms of a supersedeas bond conditioned for the payment of all costs and damages which relator might sustain if an order of the circuit court granting a peremptory writ of mandamus be affirmed, may relator in a suit at law on the bond recover as items of cost and damage: (1) the cost of printing the original Supreme Corut brief; (2) the cost of printing the supplemental Supreme Court brief; (3) traveling expenses of counsel for relator in attending the oral argument before the Supreme Court; and (4) counsel fees incurred by relator for services of counsel during the appeal?

An action on a supersedeas bond was involved in the case

of Vestel v. Eagerton, 92 Fla. 215, 109 So. 456. The bond was posted in a quo warranto proceedings over the office of chief of police in the City of Orlando. The bond had the same conditions as involved in the case at bar. The appeal was dismissed in this court and Eagerton was thereby entitled to the office and emoluments thereof. The two months' salary at the rate of $225.00 per month, or a total sum of $450.00, and court costs in the two suits, were held recoverable but *not* attorney's fees.

In the case of State *ex rel.* Haley v. Taylor, 77 Fla. 607, 82 So. 604, the items of liability on a supersedeas bond were before this Court and it was held that court costs were collectible, but while the supersedeas order required the supersedeas bond to contain a condition that "the plaintiff in error should pay all damages and costs, including reasonable solicitor's fees that the defendant below might be put to in consequence of suing out the said writ of error," they were "nugatory and unauthorized by law."

In the case of Lawson v. Board of Public Instruction, 114 Fla. 153, 154 So. 170, this Court sustained a recovery for attorney's fees in an action in a supersedeas proceeding where the conditions of the bond was to pay to the plaintiff all costs and damages, including a reasonable attorney's fee for the services of their attorneys on the appeal. There is no such condition or obligation to pay a reasonable attorney's fee for the services of the attorneys of Mr. Gore appearing in the supersedeas bond sued upon in the case at bar. See Kahn v. American Surety Co. of New York, 120 Fla. 50, 162 So. 335; 4 C. J. 1296, par. 3414.

The case of Daubmyre v. Hunter, 106 Fla. 858, 144 So. 408, was a suit against a surety on a supersedeas bond in a chancery proceeding. The question arose as to what damages were recoverable for a breach of a supersedeas bond, and this Court allowed recovery for the use and occupation

558

of the premises involved while the supersedeas remained in force, and the Court, in part, said:

"The words 'damages which the said defendant, W. L. Hunter, may sustain in case said appeal should be affirmed by the Supreme Court' construed in connection with the record, the application for supersedeas, and the construction which the parties themselves obviously placed on the effect of the supersedeas as holding the complainant in possession of the premises pending the appeal because the subject of the suit was an alleged 99-year lease of those premises, are susceptible of the construction placed on them by the trial judge in allowing recovery of damages for use and occupation. . . .

"Sureties on supersedeas bonds are presumed to have contracted with reference to *damages* which are the natural and proximate result of the appeal operating as a supersedeas for the purpose for which the bond was applied for and given, which in this case was to preserve the complainant in possession under his claim of right to a 99-year lease, until that claim was decided by the appellate court. Complainant remained in possession pending the appeal, and did so by virtue of his claim of right to do so because of the order of supersedeas and the supersedeas bond he had given, plainly to that end, else no supersedeas was necessary. . . ."

The loss or deterioration in value of personal property, or the deterioration in the value of stocks or bonds, has in some jurisdictions been held recoverable, as an element of damages resulting from an appeal, and likewise this is true when such depreciation was caused by mismanagement on the part of officers of the corporation. See 4 C. J. 1296, par. 3413.

We fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, J. J., concur.