**GEORGE A. GRIFFIN, et al., v. ANNIE BELL BOLEN, et al.**

5 So. (2nd) 69                      Special Division A
January 20, 1942          Rehearing Denied February 10, 1942

Denison & Smith, for appellants.

T. T. Oughterson, C. Clyde Atkins and Sumner & Sumner, for appellees.

R. A. McGEACHY, Circuit Judge:

On May 8, 1930, A. J. Bolen died intestate, seized and possessed of the lands involved in this suit, lying and being situate in the counties of Indian River, St. Lucie, Okeechobee, and Seminole, State of Florida. In each county there was situated a separate tract or tracts of the land. A. J. Bolen, at his death, left sur-

viving him Annie Bell Bolen, his widow, Charles Bolen, his son, and the other named appellees as his sole heirs. May 16, 1930, Annie Bell Bolen and George A. Griffin were appointed administrators of the estate of A. J. Bolen, deceased, by the County Judge of St. Lucie County, State of Florida, and letters of administration were issued to them on that date. June 21, 1932, George A. Griffin as administrator petitioned the County Judge's Court of St. Lucie County, State of Florida, to sell all of the real estate owned by A. J. Bolen at his death, for the alleged purpose of paying One Hundred Sixty-seven ($167.00) Dollars which George A. Griffin claimed was due him for commissions. When the petition was filed George A. Griffin and Annie Bell Bolen had, or should have had, in their possession as administrators of the estate, sufficient funds of the estate to pay all outstanding indebtedness or obligations of the estate. Annie Bell Bolen and George A. Griffin prior to the sale above referred to, entered into an agreement with one C. C. Benton to purchase the property at the sale for the sum of One Hundred Sixty-seven ($167.00) Dollars (which sum was less than one-twentieth of the actual value of the land), with the understanding that he, C. C. Benton, was to convey to each of them, without consideration, certain valuable portions of the property and retain a valuable portion for himself. Under order of the Court on September 7, 1932, George A. Griffin, alone, as administrator of the estate of A. J. Bolen, deeded this property to C. C. Benton. The agreed purpose of the sale was to cut the rightful heirs out of their interest in the real estate. C. C. Benton purchased the property for the sum of One Hundred Sixty-seven ($167.00) Dollars, as agreed

upon, at the Administrator's sale and conveyed on the same day by quitclaim deed and without consideration the SW¼ of the SW¼ of the SE¼ of Section 4, Township 35 South, Range 40 East, situate in St. Lucie County, State of Florida, to the Service Home Builders, Inc., a corporation. All of the stock in this corporation was owned by George A. Griffin, Juanita Griffin, his wife, and Maceo Griffin, son of George A. Griffin, George A. Griffin being the largest stock holder. These parties were also the directors and officers of the corporation. C. C. Benton conveyed, without consideration, on the same date, to Annie Bell Bolen all of the remaining real estate held by him except some valuable lots which he reserved, under the agreement, for himself. On April 13, 1931, M. Alfonzo Griffin (or Maceo Griffin as he was sometimes called) purchased a tax sales certificate to the SW¼ of the SE¼ of the SE¼, Section 4, Township 35, Range 40, from the Clerk of the Circuit Court of St. Lucie County, State of Florida. (This description as shown in the tax certificate is probably a typographical error.) On November 2, 1931, M. Alfonzo Griffin, son of George A. Griffin, purchased a tax deed, based on the tax certificate above referred to, from the State of Florida, to the SW¼ of the SW¼ of the SE¼, Section 4, Township 35, South, Range 40 East, situate in St. Lucie County, State of Florida, and on November 19, 1931, he conveyed the property to the Service Home Builders, Inc., a corporation. At the time of the purchase of the tax sale certificate and the purchase of the tax deed, George A. Griffin, as Administrator of the Estate of A. J. Bolen, had, or should have had, in his possession sufficient funds of the estate to pay the amount of the taxes due on said

property. The heirs to the property were without knowledge of the above transactions, and as soon as it became known to them they immediately took steps to employ counsel to bring suit. The bill of complaint was filed September 22, 1938, and the facts as related herein above were alleged therein in detail. It was alleged in the bill of complaint that the transactions above recited were fraudulent and that the consideration paid for the Administrator's deed was less than one-twentieth of its value. The prayer of the bill asked that the deeds above referred to and all other deeds and instruments affecting the title in connection with the transactions be cancelled; that the cloud be removed from the title and that the title be perfected. It also included a prayer for general relief. The chancellor denied the several motions filed by the appellants to dismiss.

The chancellor below entered a decree cancelling the tax deed, Administrator's deed, and other instruments in connection with the two transactions on the ground that the transactions were fraudulent. He denied any relief to Annie Bell Bolen as she was a party to the fraudulent transactions; he restored possession of the property to the other appellees and denied the appellants the right to recover any improvements or any money paid for the purchase price of the property, except appellants who had made a bona fide purchase, without notice or knowledge of the facts, and quieted the title against each and all of the named appellants.

1. The Court was correct in denying the several motions to dismiss the bill of complaint. The bill of complaint has been carefully examined and there is sufficient equity in the bill to withstand the motions

to strike.  Solicitors for the appellants urge that the bill of complaint should have alleged that the appellees were in possession of the land to which title was sought to be quieted.   Under Section 5010 C.G.L. 1927, it is no longer necessary to allege possession. This statute provides that you may quiet the title to a tract of land where the defendant is in possession unless the defendant objects and asks to have the case transferred to the common law side of the Court. The right to a jury trial is waived unless application is made for same.  Conway v. Wilson, et al., 181 So. 385, 132 Fla. 404.  Hughes v. Hannah, 39 Fla. 365, 22 So. 613.

2.  During the arguments in the lower court on the motions to dismiss the bill of complaint the question was raised by the solicitors for the appellants as to whether the bill of complaint constituted a bill to cancel deeds or both a bill to cancel deeds and a suit to quiet title.  The trial court stated that he construed the bill to be a suit to cancel deeds and not a suit to quiet title.  This opinion given by the court, as far as the records show, was not a legal question raised before the court and was nothing more than an expression of the court given at the request of the solicitors for the appellants.  The solicitors should have placed their own construction on the bill of complaint and if they desired to have a trial by jury they should have asked for it as is provided by the statute.  Their failure to ask for a trial by jury waived any right that they might have had under the Constitution to a jury trial.   Sec. 5010 C.G.L. 1927, Hughes, et al., v. Hannah, et al., *supra.*

3.  The great weight of the evidence sustains the court in holding that the transaction involving the

sale of the property by the administrator and the transaction of the purchase of the tax deed by the Administrator's son were fraudulent. The facts upon which the decision was based have been recited in the introductory part of this decision, and it is not necessary to here repeat.

4. The appellant, M. Alfonzo Griffin, together with those claiming under him, alleged in their answer and have raised the point here that the Service Home Builders, Inc., a corporation, during November, 1931, went into actual possession, occupancy and use of the land embraced in the tax deed, which was regular on its face; that it and its successors in title have continued in such possession and occupancy under said tax deed for a period of four (4) years next prior to the institution of this suit, and that the appellees are hereby barred from prosecuting this suit. The only evidence of possession offered was that of George A. Griffin. He testified that the Service Home Builders, Inc., a corporation, and its successors in title, had been in actual possession of the land described in the tax deed since November, 1931. This class of testimony is not sufficient to prove possession. Florida Southern Railway Co. v. Burt, 36 Fla. 497, 18 So. 581; Horton v. Smith Richardson Inv. Co., 18 Fla. 255, 87 So. 905.

5. The appellant, C. C. Benton, and those claiming under him who derived their title under the Administrator's deed, alleged in their answer, and are here claiming, that they had paid full value for said property; that the transaction was free from fraud, and that they have been in actual adverse possession of the land covered by the deed for a period of over five (5) consecutive years prior to the bringing of this

suit. The evidence amply shows that full value was not paid for the property and that the transaction was fraudulent. The appellants therefore did not bring themselves within the meaning of the five year statute of limitations under the administrator's deed. However, the only evidence offered with reference to possession was that offered by C. C. Benton. He testified, in answer to a leading question, that he had been in actual, continual, open and apparent possession of the lands described in the administrator's deed since September, 1932. This Court has repeatedly held that this class of testimony is not sufficient to prove adverse possession. The actual facts which constitute possession should have been proven. Florida Southern Railway Co. v. Burt, *supra;* Horton v. Smith Richardson Inv. Co., *supra.*

6. The appellants, except those who were innocent purchasers, were guilty of fraud, and were not entitled to recover for the improvements or for the purchase price for the property. Evans v. Tucker, 101 Fla. 688, 135 So. 305. Johns v. Gillian, 134 Fla. 575, 164 So. 140. Gilbert v. Hoffman, 26 Amer. Decisions, 103. Warner v. Warner, 191 N.Y.S. 612.

7. The bill of complaint contained a prayer for general relief and under our statutes and present rules of pleading, the Court was correct in granting full relief. Equity does not do things by halves, once equity takes charge it will grant full and complete relief. C.G.L. 5004-5010, 1927. Pinellas Packing Co. v. Clearwater Citrus Growers Association, 75 Fla. 247, 78 So. 16. Haydon v. Weltner, et al., 137 Fla. 130, 187 So. 772; Miller v. Bay-to-Gulf Inc., 141 Fla. 452, 193 So. 425.

8. The doctrine of laches and estoppel does not apply in a case of this type, especially when the appellants were guilty of fraud. The appellants placed on themselves the mantle of the court and attempted to take property which belonged to another without paying full value therefor. This clearly constituted fraud. "The doctrine of estoppel was invented and engrafted upon the common law to prevent wrongs and not to promote them . . . it is interposed to prevent injustice and guard against fraud." Loff v. Gilbert, 166 N. W. (N.D.) 810-811.

The case stands affirmed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.