PER CURIAM.
A complaint was filed by F. S. Bliven against certain officials of the City of Clermont, alleging in effect that O. H. Keene and William Boyd were candidates for the office of Mayor of the City of Cler-mont for a one year term; that an election was held by the said city on December 11, 1956, at which time 18 ballots were marked with a check mark opposite a blank line left on the ballot below the name of O. H. Keene. The election officials concluded that the 18 ballots should not be counted for either of the two candidates for Mayor. The defendants, acting as a Board of Canvassers of said election, concluded these ballots should be counted for O. H. Keene, which resulted in the said O. IT. Keene being declared by the Board to have been elected Mayor by a vote of 265 to 250. By his complaint Bliven sought a declaratory decree to determine the validity of the election.
After filing of the complaint, a motion to dismiss was filed and subsequently a petition to intervene was filed on behalf of William Boyd. The Circuit Judge entered an order granting the motion to dismiss.
An appeal was taken on behalf of F. S. Bliven and also on behalf of William Boyd, the petitioner for right to intervene. This appeal was taken on the 22nd of March, 1957. Subsequently, the appellant Bliven filed a motion on the 30th day of September, 1957, with the Supreme Court to have the appeal dismissed as to him, which was granted. Subsequently thereto, the Court entered an order transferring the case, pursuant to Section 26(6), Article V of the constitution as amended at the general election in November, 1956, F.S.A., to the District Court of Appeal of Florida, Second District, for consideration and determination. The above case came on for oral argument before the Second District Court of Appeal at Tavares, January 10, 1958, and upon inquiry of the Court, the attorney representing the appellant Boyd stated that the term of office for which the appellant had been elected expired the 1st of January, 1958.
It being apparent to the Court that no relief could be afforded the appellant if this Court should reverse the lower court on a question of law, it would be useless to do so. It is, therefore, the order of the court that the appeal in this case be dismissed as the subject matter is now moot. See DeHoff v. Imeson, 153 Fla. 553, 15 So. 2d 258; McCormick v. Bond, 75 Fla. 819, 78 So. 681; DuBose v. Meister, 92 Fla. 995, 110 So. 546.
ALLEN, Acting Chief Judge, and TFIORNAL and BARKER, Associate Judges, concur.