128 So.2d 768 (1961)
ALL FLORIDA SURETY COMPANY, a Florida corporation, Appellant,
v.
David VANN, Appellee.
GOLDFARB NOVELTY COMPANY OF FLORIDA, INC., Appellant,
v.
David VANN, Appellee.
Nos. 59-750, 59-751.
District Court of Appeal of Florida. Third District.
April 6, 1961.
Rehearing Denied May 1, 1961.
*769 George S. Okell, Sr., Anderson & Nadeau, Miami, for appellants.
Theodore J. Sakowitz, Miami, for appellee.
PER CURIAM.
This appeal is from an order assessing damages against the appellant All Florida Surety Co. on a supersedeas bond. The order appealed was entered subsequent to a final decree assessing damages against appellant Goldfarb Novelty Company of Florida, Inc. An interlocutory appeal filed by Goldfarb Novelty Company, and a final appeal by Surety were consolidated and considered as one appeal.
This action was commenced by the filing of a complaint in which the appellee Vann sought the enforcement of an agreement for wages and profits, an accounting, and recovery of monies allegedly due under the agreement. He also asked for a decree requiring the appellant Goldfarb Novelty Company to deliver to him, upon the payment of $750, twenty-five shares of its stock, or in the event all stock had been issued to the individual Goldfarbs, that they be required to transfer to him that number of the shares.
The chancellor entered a decree in favor of the appellee by which he directed delivery of the stock and ordered an accounting. The supersedeas bond out of which this controversy arose was then filed and an appeal to the Florida Supreme Court was prosecuted, resulting in the affirmance of the decree.[1] After the appeal, an accounting was completed by a special master and in accordance with his report, the chancellor entered judgment against the appellant Goldfarb Novelty Company in the amount of $3,135.08. Thereafter, the appellee Vann filed a motion for assessment of damages against the surety on the supersedeas bond. The conditions of the bond were "* * * pay to the plaintiff all costs, damages and expenses occasioned by reason of a stay of proceedings * * *"
In his motion, the appellee alleged that he had sustained damage by reason of the stay of proceedings by the appellant Goldfarb, and sought recovery on the basis that (a) he had been deprived of his right, title and interest in and to 25% of the stock of the corporation and said stock had depreciated in value pending the appeal; (b) he was deprived of dividends or profits he would have received and would have been entitled to in case 25% of the stock of the corporation had been issued and delivered to him; and (c) because of the liquidation of its assets during the pendency of the appeal, he was now unable to obtain satisfaction of the judgment of $3,135.08.
The chancellor granted the motion to enforce liability of the Surety on the supersedeas bond and in the order appealed said, "This court has fully reviewed the testimony taken in this cause and the exhibits filed herein, and it appears from the testimony *770 and the evidence that the plaintiff has suffered damages in excess of the amount of $6,000.00 posted as supersedeas bond herein."
The appellants here raised four points upon which they rely for reversal. We conclude the determinative point to be the sufficiency of the evidence.
The liability of a surety under a supersedeas bond is contractual and is to be determined by the provisions of the bond. The surety cannot be held beyond its term. See Kulhanjian v. Moomjian, Fla. 1958, 105 So.2d 783, and 2 Fla.Jur., Appeals, § 409. Here, the bond was not conditioned to pay the judgment since a money judgment did not exist at the time the bond was filed and the appeal was taken; it was conditioned to pay "all costs, damages and expenses occasioned by reason of stay of proceedings in the event that the appeal be dismissed or affirmed * * *" That is to say, the bond was to indemnify the appellee for damages for delay occasioned by the appeal. By "damages for delay" is meant such damages arising from delay occasioned by the appeal as may properly constitute legal damages to the party delayed. Ripka v. Philco Corporation, D.C.N.Y., 65 F. Supp. 21, 39; Green v. Perr, Mo. App. 1951, 238 S.W.2d 922. See Labell v. Campbell, 99 Fla. 1125, 128 So. 422; Bernstein v. Bernstein, Fla. 1949, 43 So.2d 356.
Florida courts have recognized the rules as stated in 5B C.J.S. Appeal and Error § 2072 b (3) which is "Where, pending appeal, personal property of appellant, which might have been subjected by appellee to the satisfaction of his claim, deteriorates in value, the loss on appeal therefrom, if caused by the appeal, has been held recoverable * * *. So, where the judgment appealed from directed the sale or delivery of stock or bonds, the depreciation in the value of the stock or bonds pending the appeal has been held recoverable as an element of damages resulting from the appeal." See Gore v. News-Journal Corporation, 146 Fla. 552, 1 So.2d 559.
The alleged damages based upon loss of dividends or profits were necessarily based upon what profit or dividend would have emanated from the corporation had it not been dissolved. Profits of this nature are not capable of ascertainment with reasonable certainty and recovery cannot be had for loss of profits which are uncertain, contingent, conjectural or speculative. Twyman v. Roell, 123 Fla. 2, 166 So. 215, and cases collected in 9 Fla.Jur., Damages, § 79.
The proof of the damages flowing from the delay occasioned by the appeal is a burden which the plaintiff in a suit on the bond must sustain. See Midcoast Inv. Co. v. Smith, 141 Fla. 826, 194 So. 222; Simpson, Suretyship, § 103.
The appellee urges that the findings of the chancellor should be accorded a high degree of weight and respect. We are in accord with this statement; however, we observe that his findings are not required to be approved where there is a complete lack of evidence to support them. 2 Fla. Jur., Appeals, §§ 347-48.
We have carefully examined the record here and fail to find evidence establishing damages resulting from the delay occasioned by the taking of the appeal.
Accordingly, that portion of the order enforcing liability against the appellant Surety in the sum of $6,000 is reversed.
Reversed.
HORTON, C.J., CARROLL, CHAS., J., and WALDEN, JAMES H., Associate Judge, concur.
NOTES
[1] Goldfarb Novelty Company of Florida, Inc. v. Vann, Fla. 1957, 94 So.2d 845.