157 So.2d 417 (1963)
J.W. HUGULEY, JR., PETITIONER,
v.
CARRIE HALL, A WIDOW, RESPONDENT.
No. 31957.
Supreme Court of Florida.
November 6, 1963.
Rehearing Denied December 18, 1963.
Richard J. Wilson, Gainesville, for petitioner.
Reynolds & Goldin and T.E. Duncan, Gainesville, for respondent.
ROBERTS, Justice.
Petitioner seeks review, by certiorari, of a decision of the First District Court of Appeal on the ground that such decision is in direct conflict with prior decisions of the Supreme Court of Florida on the same point of law.
The District Court's decision consists of the single word "Affirmed" plus four case citations preceded by the introductory signal "See," and a lucid dissenting opinion written by Judge Sturgis, in which all of the salient facts of this controversy are set forth. (Fla.App., 141 So.2d 595.) The respondent, Carrie Hall, by contract for deed, agreed to sell certain real property to the petitioner. The agreement provided that petitioner (buyer) was to have immediate possession of the premises and that he was to make regular monthly purchase money payments to respondent (seller). It also provided that time was of the essence of the contract and that upon the failure of petitioner to make his regular payments
"* * * this contract shall, at the option of the * * * [respondentseller] be forfeited and terminated, and the * * * [petitioner-buyer] shall forfeit all payments made by * * * [buyer] on this contract; and such payments shall be retained by the * * * [seller] in full satisfaction and liquidation of all damages by her sustained, and the said * * * [seller] *418 shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor."
When the petitioner became $170 in arrears, the respondent (seller) filed a complaint in equity against the petitioner (buyer) and his wife, alleging fee simple title in herself, the contract for deed, and that the petitioner (buyer) was in possession of the property. The complaint also alleged petitioner's arrearages and respondent's election to rescind and terminate the agreement in accordance with the language quoted above.
The complaint concluded by praying that the contract be rescinded and terminated and that petitioner be directed to deliver possession of the property to the respondent.
Petitioner filed a motion to dismiss the complaint for failure to state a cause of action which was denied. Respondent then moved for a summary judgment, whereupon petitioner moved to transfer the case to the law side of the court on the ground that the complaint shows on its face that the cause of action is not within the jurisdiction of a court of equity. After hearing said motions, the trial court entered a summary final decree for the respondent and denying petitioner's motion to transfer the cause to the law side. The court adjudged the contract "to be null and cancelled and to be foreclosed." The judgment barred the petitioner "from any right, title or interest in said premises," and gave him ten days to deliver possession of the premises to the respondent. As the dissenting opinion points out:
"The decree did not, however, contain any provision for sale of the subject property in the manner provided for foreclosure or otherwise afford the defendant [buyer] any opportunity to assert an equity of redemption in the property."
In response to our initial conviction that the Supreme Court had direct conflict jurisdiction either as an exception to the general rule enunciated in Lake v. Lake, Fla. 1958, 103 So.2d 639 or more appropriately because this case represents an entirely distinguishable situation from the standard Per Curiam affirmance without opinion by virtue of the cases cited in the majority opinion and the presence of an exhaustive dissenting opinion setting forth all of the essential facts of the case, we issued the writ of certiorari.
A more thorough consideration of this cause has led us to the conclusion that the petitioner has failed to establish that the instant decision of the District Court of Appeal is in direct conflict with the decision of another District Court of Appeal or of the Supreme Court on the same point of law within the meaning of our prior pronouncements on this subject. See Nielsen v. City of Sarasota, Fla., 117 So.2d 731, 733. We have not overlooked that in Florida the purchaser of real property pursuant to a contract for deed, who defaults, is ordinarily entitled to an equity of redemption in said property subject to the protection of a court of equity. See Hull v. Maryland Casualty Co., Fla. 1955, 79 So.2d 517; and Mid-State Investment Corp. v. O'Steen, Fla.App. 1961, 133 So.2d 455. However, the petitioner in this cause having failed to affirmatively assert said equity of redemption is deemed to have abandoned the same. Further, if the instant action should have been construed by the lower court to be in the nature of a suit to quiet title of a seller not in possession of the property, the petitioner's failure to demand a jury trial as authorized by § 66.16, F.S.A., constituted a waiver by him of such right. Griffin v. Bolen, 1942, 149 Fla. 377, 5 So.2d 690.
For the reasons above stated, the writ of certiorari heretofore issued is hereby discharged.
It is so ordered.
DREW, C.J., and TERRELL and CALDWELL, JJ., concur.
*419 THOMAS, J., agrees only to the conclusion that the writ be denied.
THORNAL, J., concurs specially with opinion.
O'CONNELL, J., concurs with THORNAL, J.
THORNAL, Justice (concurring specially).
I concur in the discharge of the writ because I have the view that there is no jurisdictional conflict of decisions. I feel that the writ should not have been issued initially. If we had jurisdiction I would agree to the statement of the law regarding the equity of redemption under a contract for deed and the effect of a failure to assert it in a case such as the one at bar.
O'CONNELL, J., concurs.