TILLMAN PEARSON, Judge.
The appellants as plaintiffs in the circuit court brought a suit in chancery seeking to have a trust declared for money paid to T. A. Whiteside, deceased, and to follow the money into the hands of the other defendants who also appear here as appellees. The appellants maintained that the money was paid to T. A. Whiteside for a specific purpose under circumstances creating an oral trust agreement; that the trust being established, they were entitled to recover the money paid into the hands of the other defendants because these defendants were not good-faith purchasers for value. After answers were filed and upon trial of the cause, the court found as follows:
“1. The evidence is insufficient to meet or to sustain the plaintiffs’ burden of proof * * * or to sustain or establish their Complaint as amended that the sum of $210,689.00 deposited by James Sottile, Jr. in the ‘T. A. White-side, Attorney at Law’ checking account was an escrow fund or a trust fund, or that plaintiffs had any equitable or beneficial or other right or interest in said checking account of decedent T. A. Whiteside, or in said sum or funds deposited therein by James Sottile, Jr.
“2. Before decedent’s death, the plaintiffs were informed and knew that decedent T. A. Whiteside had drawn his checks upon his said ‘T. A. White-side, Attorney at Law’ checking account, payable to the defendant FIRST NATIONAL BANK OF MIAMI, the defendant PAN AMERICAN CONSTRUCTION CO., the .defendant BISCAYNE KENNEL CLUB, INC., and the defendant RICHARD H. HUNT, respectively, in payment and settlement and discharge of decedent’s indebtedness to each of said payees, whereby decedent withdrew and disbursed substantially all of said $210,689.00 which had been deposited by James Sottile, Jr. in said checking account; that the plaintiffs did not make nor assert any claim or demand whatsoever against any of said last-named defendants, for or against or because of the funds so disbursed and paid to them by decedent Whiteside out of his said bank checking account, until the institution of this suit, which was several months after the expiration of the creditors’ period for filing claims against the Estate of decedent T. A. Whiteside; that none of said last-named defendants can be placed in status quo with respect to their respective claims and indebtedness against decedent and his Estate which they respectively satisfied and discharged in consideration of said checks of decedent to them; that the plaintiffs are estopped and barred, by their said laches and delay in asserting any claim or making any demand against the last-named defendants, from maintaining this suit against any *483 of said last-named defendants, for recovery of the said payments made by decedent to them as aforesaid.
“3. The several defendants herein-' after named have each sustained their respective defenses by competent evidence; and the equities are with said defendants.”
Based upon these findings the court dismissed the complaint as to all defendants but included the following as to the claim of the plaintiffs against the Estate of T. A. Whiteside:
“FURTHER ORDERED that this. Decree is without prejudice to such lawful right, if any, as the plaintiffs may have to assert or establish in appropriate proceedings in a Court having jurisdiction any ordinary unsecured debt or claim against the Estate of T. A. Whiteside growing out of the transaction wherein and whereby said sum of $210,689.00 was deposited in said ‘T. A. Whiteside, Attorney at Law’ checking account.”
In order to demonstrate error upon this record, the appellants would be required to show that the evidence to establish the oral trust was so clear, strong and unequivocal as to remove every reasonable doubt as to its existence. Lofton v. Sterrett, 23 Fla. 565, 2 So. 837; Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173; Lightfoot v. Rogers, Fla.1951, 54 So.2d 237; Estey v. Vizor, Fla.App.1959, 113 So.2d 576. Furthermore, where the record contains evidence sufficient to support the finding of the chancellor, this Court will not substitute its judgment for his. Rudolph v. Rudolph, Fla.App.1962, 146 So.2d 397. Upon a review of the record in the light of the briefs filed, we hold that the chancellor correctly found that the oral trust agreement was not established. Having reached this conclusion, we need not consider further appellants’ points 1, 2 and 3.
Appellants’ fourth point urges that they were entitled under the proofs submitted to a judgment against the Estate of T. A. Whiteside for the sum advanced rather than to be relegated to a separate action. It will be noted from the portion of the decree previously quoted that the chancellor did not determine whether the plaintiffs were entitled to a judgment against the Estate of T. A. Whiteside. He did, however, provide that the final decree should be “without prejudice” as to the possibility of a separate action for that purpose.
We think there is merit in the contention that the court of equity, having taken jurisdiction and received extensive evidence about the transaction, should have proceeded to determine whether the plaintiffs were entitled to the judgment sought. It should be pointed out that the complaint did not expressly pray for such a judgment but we think that the matter having been called to the attention of the chancellor, it would have been proper for him to have decided the issue under plaintiffs’ prayer for general relief. A court of equity will ordinarily retain jurisdiction to do complete justice when it has jurisdiction of an action. Griffin v. Bolen, 149 Fla. 377, 5 So.2d 690; Schupler v. Eastern Mortg. Co., 160 Fla. 72, 33 So.2d 586; Wilson v. Rooney, Fla.App.1958, 101 So.2d 892.
The final decree appealed is affirmed as to all portions thereof except the paragraph relating to the separate cause of action. The final decree is amended by striking said paragraph therefrom and substituting therefor the following:
“It is further ordered that this court retain jurisdiction of this cause and of the plaintiffs and the defendant M. L. Mershon, as the Administrator of the Estate of Thurman A. Whiteside, deceased, for the purpose of determining in appropriate proceedings the claim against the Estate of T. A. Whiteside growing out of the transaction wherein the sum of $210,689.00 was deposited in said “T. A. Whiteside, Attorney at Law” checking account.
*484 It is the intention of this Court that the decree appealed shall remain final as to the other things adjudicated therein.
As amended, the final decree is affirmed and the cause remanded for further proceedings upon the claim against the Estate of T. A. Whiteside.
Affirmed in part and reversed in part.