PEARSON, Judge.
This appeal by James H. Price is from a final order adjudicating the claim of A. J. Rome, the appellee, to 40,000 shares of stock in Airlift International, Inc. The instant appeal is one of several which have reached this court that concern various aspects of an action for a declaratory decree instituted by Airlift International, Inc., against James H. Price, A. J. Rome, and others to determine ownership of 1,704,274 shares of Airlift common stock.
In his answer to Airlift’s complaint, by a counterclaim against Airlift and by a cross-claim against Price, Rome alleged that he was the absolute owner of 40,000 shares of Airlift stock. He alleged that he purchased those shares from Price (through Robert M. Hewitt, another defendant to the main action) for $10,000. Rome later sold the 40,000 for about $156,000. Price’s answer to Rome’s cross-claim alleged that he was entitled to 22,000 shares of the 40,000 shares Rome claimed and that Rome was entitled to only 8,000 shares. After trial the court entered a final order which declared that Rome did in fact own 40,000 shares of Airlift International, Inc.
As we understand it, Price’s position is that the trial court abused its discretion by failing to find that Rome was Price’s confidential agent and should be made to account to him for what Price labels the unconscionable profit Rome made on the stock. Price urges that Rome was unjustly enriched at his expense and that a constructive trust (presumably on the proceeds of the stock sale) should be imposed in his favor. The record contains some evidence which arguably could support Price’s position, but that evidence is not clear and convincing. In order to have a court impose a constructive trust, the party seeking it must convince the court by clear proof that refusal to impose such a trust will amount to a fraud. Cf. Estey v. Vizor, Fla.App.1959, 113 So.2d 576. Moreover, there is substantial evidence contrary to Price’s position. Where there is substantial evidence to support the decision of a trial court, an appellate court will not substitute its judgment for that of the trial court in the absence of an abuse of discretion. Cohen v. Mohawk, Inc., Fla.1962, 137 So.2d 222; Sottile v. Mershon, Fla.App.1964, 166 So.2d 481.
The appellants have failed to demonstrate an abuse of discretion or other reversible error. Therefore the finding that A. J. Rome was the owner of 40,000 shares of Airlift International, Inc., stock is affirmed.
Affirmed.