HENDRY, Judge.
As a result of a declaratory judgment action, the appellee, Rome, was adjudicated to be the owner of 22,000 shares of stock in Airlift International, Inc. That decision was appealed to this court by Price, appellant herein, and our decision affirming the adjudication of ownership was reported at 222 So.2d 252.
In connection with the latter appeal, motion was made for supersedeas and an order of supersedeas was entered setting su-persedeas bond at $50,000.00. The $50,-000.00 bond was posted in two separate bonds: the first was in the penal sum of $28,000.00 with appellant Price as the principal and Prudence Mutual Casualty Company as surety. The second bond, in the sum of $22,000.00, shows Price as the principal and Resolute Insurance Company as surety. Both of the above bonds contain the following condition:
“* * * If the said principal shall pay the costs of this action, and the costs of the appeal, interest (if chargeable), damages for delay, use, detention and depreciation of any property involved in the event said appeal is dismissed or the said judgment or order is affirmed, then this obligation shall be null and void; otherwise to remain in full force, effect and virtue.” [Emphasis supplied.]
*836 After the decision of this court in 222 So.2d 252, supra, further- appellate proceedings were continued by Price when he petitioned for certiorari to the Supreme Court. A final determination of all the appellate proceedings was had on September 16, 1969, at which time the Supreme Court of Florida denied the petition for rehearing from their decision to deny the writ of certiorari, 226 So.2d 820.
Meanwhile, during the appellate proceedings, the market value of the stock in Airlift International, Inc., had declined. The parties have stipulated that the value of each share of the stock declined by $1,125 per share between the date, upon which the supersedeas bond became effective, April 23, 1968, and the day upon which the appellate proceedings came to a conclusion, September 16, 1969. On September 17, 1969, Rome filed his motion to assess damages upon the above supersedeas bonds. The trial court determined that Price, as principal, and his sureties were liable to the appellee for the total depreciation in the market value of the 22,000 shares of stock; i.e., $24,750.00.
The appellant now contends that the court erred by awarding the above damages against him. He argues that, first, the evidence was not legally sufficient to sustain the court’s decision, and moreover, that the evidence failed to demonstrate that the loss claimed was caused by the taking of the appeal.
We must reject each of the appellant’s contentions. -The judgment superseded by the appeal was a determination of the ownership in the shares of stock. Therefore, Rule 5.9, Florida Appellate Rules, 32 F.S.A., is applicable to the conditions of the supersedeas bond. Rule 5.9 reads as follows:
“If the decision, judgment, order or decree is in whole or in part other than a money judgment, order or decree, the elements to be considered in fixing the amount and conditions of the bond shall be the cost of the action, cost of the appeal, interest (if chargeable), damages for delay, use, detention, and depreciation of any property involved.”
The trial court certainly considered- the fact that Airlift International, Inc., was a publicly held corporation, presently being traded upon the American Stock Exchange, and that the value of the shares in that corporation were subject to the day to day fluctuations which affect the thousands of other such publicly held corporations being traded on the major stock exchanges. It appears to us that a decline in the market value of the stock, such as occurred here, was a type of “depreciation of any property involved” contemplated by Rule 5.9, supra.
The effect of posting a supersedeas bond in conjunction with the taking of appeal from the judgment of the trial court was to maintain the status quo of the parties as to the ownership of the stock as it existed before the judgment. Therefore, the appellee was temporarily restrained from enjoying the fruits of his judgment in that he was unable to deal with the property as his own. Without the power to buy or sell or otherwise trade the stock, the appellee was not in a position to enter into transactions concerning the stock so as to best protect his economic interests therein. Obviously, no such transactions could be carried out until after the completion of the appellate proceedings had been made to determine the ownership of the stock. Therefore, it appears to us that the appellant and his sureties were certainly liable for the economic loss occasioned by the declining value in the market or the stock. See Daubmyre v. Hunter, 106 Fla. 858, 144 So. 408; Gore v. News-Journal Corporation, 146 Fla. 552, 1 So.2d 559; All Florida Surety Company v. Vann, Fla.App.1961, 128 So.2d 768.
The judgment being appealed is therefore affirmed.