939 So.2d 245 (2006)
DOUGLAS W. CARLIN, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D05-4235.
District Court of Appeal of Florida, First District.
Opinion filed October 16, 2006.
Mark R. Miller and Alison A. Tedrick of Ford, Miller & Wainer, P.A., Jacksonville, for Appellant.
Charlie Crist, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Douglas W. Carlin, appeals the trial court's order on annual review of appellant's civil commitment status pursuant to the Sexually Violent Predators Act (formerly known as the Jimmy Ryce Act).[1] In its order, the trial court acknowledged the commendable progress appellant has made while in treatment, but concluded that because it lacked the authority to release appellant from confinement under supervision, appellant should remain in secure confinement until a determination is made that it would be safe for him to be at large, as provided in section 394.917(2), Florida Statutes (2002).[2] Appellant contends: (1) the trial court erred in interpreting the Sexually Violent Predators Act (the Act) as precluding less restrictive alternatives to total confinement in long-term sex-offender treatment; (2) the trial court erred in failing to interpret and apply the Act so as to require the Department of Children and Family Services (the Department) to provide supervision of appellant in a non-secure setting until he is determined to be safe to be at large; and (3) the trial court erred in finding that the state proved appellant is likely to engage in acts of sexual violence if released.
While the appeal was pending, appellant filed a notice of a change in his commitment status resulting from a stipulation between him and the state, which the trial court accepted and approved. Pursuant to the parties' stipulation, the order of civil commitment is held in abeyance for not less than five years to allow appellant time to comply successfully with each of the requirements set forth in the stipulation. Upon appellant's successful completion of the terms and conditions of the stipulation following the five-year period, the state agreed to ask the court to vacate the order of commitment and to dismiss the underlying civil commitment order.
The stipulation includes the following pertinent provisions:
17) The Respondent [appellant] hereby waives any and all rights he may have to contest the State's enforcement of the Order of Commitment pursuant to this Stipulation. This waiver includes, but is not limited to any jurisdictional arguments that might otherwise be applicable to this action.
. . . .
19) The parties agree and understand that the contents of this agreement apply only to the action now pending, and any subsequent amendments thereto. That is, should the Respondent at some future time engage in activity that once again subjects him to the statutory provisions contained in Section 394.910 et seq. Florida Statutes, (Involuntary Civil Commitment of Sexually Violent Predators Act) the terms and conditions of this agreement shall not be binding upon the State, nor shall this agreement limit the ability of the Petitioner to initiate any legal action (civil or criminal) against the Respondent in the future.
The state contends that the parties' stipulation afforded appellant a less restrictive alternative to secure confinement, thereby mooting the first two issues as to him. As to the third issue challenging the sufficiency of the state's case to meet the standard of clear and convincing proof, the state maintains the issue will become moot if appellant completes the conditions of the stipulation. Arguing the appeal cannot afford meaningful relief to appellant, the state contends the appeal should be dismissed. We agree.
Whether a case is moot is a question of law subject to de novo review. See D'Angelo v. Fitzmaurice, 863 So. 2d 311, 314 (Fla. 2003). "An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect." Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992). See also A.G. v. Dep't of Children & Family Servs., 932 So. 2d 311, 313 (Fla. 2d DCA 2006). "It is the function of a judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not to give opinions on moot questions, or to declare principles or rules of law which cannot affect the matter in issue." Montgomery v. Dep't of Health & Rehab. Servs., 468 So. 2d 1014, 1016-17 (Fla. 1st DCA 1985). "A case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief." Id. at 1016. "A moot case generally will be dismissed." Godwin, 593 So. 2d at 212.
We conclude that the terms of the parties' stipulation have caused a change of circumstances that make it impossible for this court to provide appellant any effectual relief. As a result, we are constrained to dismiss the appeal as moot. In making this determination, we reject appellant's argument that the case falls within the exceptions to dismissal "when the questions raised are of great public importance or are likely to recur." Holly v. Auld, 450 So. 2d 217, 218 n. 1 (Fla. 1984).
DISMISSED as moot.
BROWNING, C.J., ERVIN, and BENTON, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.
NOTES
[1] §§ 394.910-.931, Fla. Stat. (2002).
[2] The Florida Civil Commitment Center (FCCC) Review Board Report dated February 3, 2005, contained a staff recommendation that appellant be released under supervision and with certain conditions that, if not met, would result in his return to state custody.