# Third District Court of Appeal

## State of Florida

Opinion filed November 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0318
Lower Tribunal No. 21-22094-CA-01
_____

**Ekaterina Zakharova,**
Appellant,

vs.

**Innovative Technologies & Consulting Limited Corp., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Law Guard and Mark W. Rickard (Plantation), for appellant.

Saul Ewing LLP and Carmen Contreras-Martinez, for appellee Ferrari Financial Services, Inc.


Before MILLER, GORDO and LOBREE, JJ.

GORDO, J.

Ekaterina Zakharova ("Zakharova") appeals an interlocutory order granting Ferrari Financial Services Inc.'s ("Ferrari") motion to intervene in three administratively consolidated cases against her husband, Sergey Slastikhin ("Slastikhin"), and a final order granting Ferrari's motion to partially vacate the agreed final judgment between Zakharova and Slastikhin. Because the issues on appeal have been fully resolved in the proceedings below and an appellate decision would have no practical effect, we dismiss the appeal as moot. See Carlin v. State, 939 So. 2d 245, 247 (Fla. 1st DCA 2006) ("An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. It is the function of a judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not to give opinions on moot questions, or to declare principles or rules of law which cannot affect the matter in issue. A case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief . . . As a result, we are constrained to dismiss the appeal as moot.") (internal quotations and citations omitted); Bliven v. Turville, 100 So. 2d 91, 92 (Fla. 2d DCA 1958) ("It being apparent to the Court that no relief could be afforded the appellant if this Court should reverse the lower court on a question of law, it would be

2

useless to do so.  It is, therefore, the order of the court that the appeal in this case be dismissed as the subject matter is now moot."); <u>Friends of the Everglades, Inc. v. S. Fla. Reg'l Plan. Council</u>, 447 So. 2d 902, 902 (Fla. 3d DCA 1984) ("Events occurring both before and after the entry of the order sought to be reviewed have made it apparent that even if this court were to decide the issues raised on this appeal in appellant's favor, the appellant would be afforded no relief.  Accordingly, since no practical purpose will be served by a decision, the appeal must be dismissed as moot.").

Dismissed.