**P. DONALD DeHOFF v. T. C. IMESON, FRED M. VALZ, GUY L. SIMMONS, P. M. ULSCH and GEORGE A. PIERCE, as and constituting the City Commission and the City Board of Canvassers of Elections of the City of Jacksonville, Florida, a municipal corporation.**

15 So. (2nd) 258 — June Term, 1943
October 8, 1943 — Division B
Rehearing Denied October 21, 1943

*Emmet Safay, William J. DeHoff* and *DeHoff & DeHoff,* for appellant.

*Austin Miller* and *Harry Fozzard,* for appellees.

554

PER CURIAM:

We have been asked to review a final judgment quashing an alternative writ of mandamus, after return duly filed by the respondents and testimony taken. The command of the alternative writ is that the members of the Board of City Commissioners of the City of Jacksonville as and constituting the City Board of Canvassers of Elections of said City be required to convene and issue to relator a certificate of his election to the office of councilman of the fifteenth ward of said City, to fill an unexpired term ending in June, 1943; or to show cause for failure so to do.

Suit was instituted in the trial court on July 3, 1941. Final judgment quashing the alternative writ was entered on October 9, 1942. The appeal from the adverse judgment was taken on November 27, 1942. The complete record on appeal, which included the briefs of the parties, was not filed here until July 31, 1943, and the parties did not argue the case before this Court until October 1, 1943.

It is apparent from the record that the issues presented have become moot; the term of office for which relator sought his certificate of election having expired on June 15, 1943— a date prior to the time that the record was complete for consideration by this court.

Although this Court has jurisdiction to determine a controversy, even though by lapse of time the issues presented have become moot, it will not do so unless the questions presented are of general public interest and importance, or unless such judgment as this Court might enter would affect the rights of the parties as they stand at the time the case is reviewed. Assuming that relator is entitled to a judgment requiring respondents to issue him a certificate of election (a point not now necessary to be decided under the circumstances) it would avail him nothing, even though used as a predicate for quo warranto to try title to office, as it would be legally impossible for relator to be seated in the office of Councilman of the City of Jacksonville for a term already expired. The questions raised on appeal, therefore, have become merely academic.

An appeal should be dismissed where no practical result could be attained by reviewing the questions therein contained. DuBose, County Judge, et al., v. Meister, 92 Fla. 995, 110 So. 546. Under such circumstances the appeal may be dismissed of the court's own motion. Barrs v. Peacock, et al., 65 Fla. 12, 61 So. 118.

Appeal dismissed at cost of appellant.

It is so ordered.

BUFORD, C. J., BROWN, THOMAS and SEBRING, JJ., concur.