OWEN, Judge.
Appellant was plaintiff in a suit to foreclose its mortgage which was a first lien on certain real property in Brevard County. Appellee, the United States of America, was named a defendant by reason of a federal tax lien against the mortgagor which was subordinate to the plaintiff’s mortgage lien. Subsequent to the suit being filed the United States of America filed an amended answer alleging that it also held a second mortgage on the subject property by virtue of an assignment from the First National Bank of Eau Gallie to the Small Business Administration, an agency of the federal government.
In due course, the court entered a summary final judgment of foreclosure in favor of plaintiff, finding that there was due plaintiff on its mortgage the sum of $66,366.18 for principal and interest, $3,500 as attorneys’ fees, and $96 in costs. The judgment provided that these amounts were a lien on the property superior in dignity to any right, title, interest, estate or claim of the defendants, and each of them, except that the lien of the second mortgage held by the United States of America on which the sum of $30,631.71 was due, was superior to the lien of Gulf Life’s mortgage as to the award of attorneys’ fees of $3,500. The property was ordered sold and at the foreclosure sale the property was bid in and purchased by Gulf Life for $55,000. Subsequently, Gulf Life filed a motion for a deficiency judgment.
In taking this appeal from the summary final judgment of foreclosure, appellant asserts as its sole point that the trial court erred in holding that the lien of the second mortgage held by the United States of America was entitled to priority over the lien of plaintiff’s mortgage for plaintiff’s attorneys’ fees. Although both parties have briefed and argued the merits of this question, appellee has also urged us to dismiss the appeal as moot.
The question of priority between plaintiff’s award of attorneys’ fees and the amount due the United States of America on its second mortgage would be material only if the amount bid at the foreclosure sale exceeded the amount due plaintiff for principal and interest on its mortgage. Since plaintiff’s successful bid was less than the total amount due it for principal and interest, the point on appeal becomes academic. An appeal should be dismissed where no practical result could be obtained by reviewing the question therein contained. Dehoff v. Imeson, 1943, 153 Fla. 553, 15 So. 2d 258. Even if the United States should exercise its right to redeem within one year after sale pursuant to 28 U.S.C. 2410 (c) (d) the amount which the government would have to pay to plaintiff (exclusive of interest and possibly some expenses not material here) would be the amount of the obligation owed plaintiff to the extent that it was satisfied by reason of such foreclosure sale, to-wit: $55,000. Thus, the issue presented to us is moot and the appeal should be dismised.
Dismissed.
McCAIN and REED, JJ., concur.