PER CURIAM.
Even though an original combined motion and notice of hearing may have been lost or misplaced, the evidence supports a finding that the appellant, did in fact, actually receive a copy of said motion and notice and therefore the trial court had jurisdiction to render the original order, finding the appellant in contempt. It also appears that at least as to three of the four items for which the appellant was found in contempt he had purged himself by compliance with the order prior to the matter recurring before the trial court on his motion for rehearing etc. and therefore the error urged as to these items is moot. Dehoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943); Goethel v. First Properties International, Ltd., 363 So.2d 1117 (Fla. 3rd DCA 1978); Gulf Life Insurance Company v. Newell’s Incorporated, 226 So.2d 858 (Fla. 4th DCA 1969); In Re Estate of Lindsay, 207 So.2d 736 (Fla. 4th DCA 1968); 3 Fla. Jur.2d, Appellate Review § 287.[1]
As to the fourth item, the requirement to pay certain dental bills of the children, no contempt enforcement was ever actually occasioned and none can be enforced in the future without a hearing before the trial court by the express wording of one of the orders under review.
Therefore, finding no error either in the entry of the original order of contempt, or the order on rehearing, we affirm.
Affirmed.

. We have not overlooked Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978) involving a criminal contempt, but, find the reasoning not persuasive in this civil contempt matter, wherein the appellant is an attorney.