GLICKSTEIN, Judge,
concurring specialty-
I write solely because of the points raised by Judge Barkett’s concurrence, although I choose not to comment further on our being informed at oral argument of a matter dehors the record, other than to repeat that you cannot unring the bell.
Appellant sought and obtained three extensions of time in which to file appellant’s briefs; appellee obtained two. As a result, the appeal commenced on July 7, 1983, and could not be argued until July '26, 1984. Had the record reflected a ease which required a detailed majority opinion, still more time would have elapsed.
The busiest lawyers generally are so busy because of their competence and reputation. Those involved here are no exception to that observation. Nevertheless, I respectfully suggest that extensions should be sought in these plenary appeals of matrimonial cases only under extraordinary circumstances. Being very busy should not be considered as one of those circumstances. As long as multiple extensions are being sought by lawyers, their clients’ rights have a greater risk of being considered in a setting that may no longer be applicable. While another client’s interests may compel the attorney to request the extension, the ripple effect may work to the detriment not only of the client whose argument is delayed but also of another party ready for argument without extension.
This court has recently approved a notice to attorneys that reads in part:
RIGHTS OF CHILDREN: The court has adopted a policy of being favorably disposed to grant Motions to Expedite where a genuine issue on appeal involves custody of children, visitation privileges or other interests of children.
Accordingly, where, as here, custody and visitation are of central concern to the case, the parties would do well to speed up the judicial process for the reasons which this writer recited in French v. French, 452 So.2d 647, 651 (Fla. 4th DCA 1984) (Glickstein, J., concurring in part and dissenting in part), which I quote:
I think it inappropriate for this court to enter any determinative order on the issue of visitation in May, 1984, more than two years since the entry of Final Judgment. The children have not been frozen in time, waiting for the square wheels of justice to bump along to a conclusion in the case, although they may have been existing in an emotional vacuum for over two years because of the lengthy period of time in finalizing this matter. As of the present date, there is no evidence whatsoever before us of the present circumstances which could affect their welfare upon the issue of visitation.
Among the diverse matters this court must address, the rights of children deserve first priority. I hope in the future the attorneys in this district will move to expedite appeals involving the status and rights of a child for the reasons recited in the Model Statute for Termination of Parental Rights (National Council of Juvenile and Family Court Judges 1976), and quoted in part by Judge John R. Milligan and Ellen Loth, Permanency Placing for Children (A New Ballgame in Appellate Courts), in Appellate Court Administrative Review 37, 38-39 (1983), wherein the authors say:
A child’s time is not an adult’s time. The Model Statute for Termination of Parental Rights specifically recognizes this in Section One:
Unlike adults, who measure the passing of time by clocks and calendars, children have their own built-in time sense based on the urgency of their instinctual and emotional needs. What seems like a short wait to an adult can be an intolerable separation to a young child to whom a week can seem like a year and a month forever ... the purpose of this act is ... to *416 acknowledge that the time perception of children differs from that of adults.
(Footnote omitted.)
Further, this court said in Gulf Life Insurance Company v. Newell's Incorporated, 226 So.2d 858, 859 (Fla. 4th DCA 1969):
An appeal should be dismissed where no practical result could be obtained by reviewing the question therein contained. DeHoff v. Imeson, 1943, 153 Fla. 553, 15 So.2d 258.
If appellant believes dismissal is inappropriate, notwithstanding a material change in circumstances which affects the trial court’s final judgment, it is incumbent upon appellant to call the matter to this court’s attention immediately by appropriate motion, seeking relinquishment of jurisdiction. Alternatively, appellant should seek relief in the trial court pursuant to Florida Rule of Appellate Procedure 9.600(c). See Hilsman v. Hilsman, 421 So.2d 770 (Fla. 4th DCA 1982).