KELLY, Judge.
A.G. appeals from the order terminating her parental rights to her eight-year-old son, E.G. We dismiss the appeal because we have concluded that the issues she raises are moot.
A.G. first contends that the order terminating her parental rights must be reversed because the trial court failed to address section 39.811(6), Florida Statutes (2003), which specifies when the court has the power to terminate the rights of one parent without terminating the other parent’s rights. When A.G.’s rights were terminated, the Department was still in the process of terminating the parental rights of two men who A.G. had named as prospective fathers.[1] Thus, she contends that *313 this was a single parent termination and that the trial court should have considered section 39.811(6).
A.G. also argues that the trial court failed to consider one of the prospective fathers’ legal rights under section 521 of the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501-96. Among other things, that section protects members of the military from default judgments in civil actions in which the service member does not make an appearance. Essentially, the mother argues that the trial court should have considered the prospective father’s rights under that section because terminating the mother’s rights would bar him from ever collecting child support from the mother; thus, his interests would be affected by the proceedings.
During oral argument the Department represented to this court that the rights of the two prospective fathers had been terminated while this appeal was pending. After oral argument, the Department filed in this court certified copies of the orders terminating the rights of the two prospective fathers.[2] Those orders were rendered in July and November of 2005, and neither order has been appealed. We conclude that the termination of the prospective fathers’ rights mooted the issues the mother has raised in this appeal.
“ ‘An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. A case is “moot” when it presents no actual controversy or when the issues have ceased to exist.’ ” Merkle v. Guardianship of Jacoby, 912 So.2d 595, 600 (Fla. 2d DCA 2005) (quoting Godwin v. State, 593 So.2d 211, 212 (Fla.1992)). “It is the function of a judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not to give opinions on moot questions, or to declare principles or rules of law which cannot affect the matter in issue.” Montgomery v. Dep’t of Health & Rehabilitative Servs., 468 So.2d 1014, 1016-17 (Fla. 1st DCA 1985). “A case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief.” Id.
The issues raised by the mother have “ceased to exist” and, therefore, reversal and remand to the trial court would have no practical effect. The intervening termination of the prospective fathers’ rights obviates any alleged need for the trial court to make findings under section 39.811(6) or to consider whether the rights of the military prospective father under the Servicemembers Civil Relief Act have *314 any bearing on whether to terminate the mother’s rights. “An appeal should be dismissed where no practical result could be attained by reviewing the questions therein contained. Under such circumstances the appeal may be dismissed of the court’s own motion.” DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258, 259 (1943) (citation omitted). Accordingly, we dismiss the appeal.
Dismissed.
VILLANTI and WALLACE, JJ., Concur.

. This may be the reason the parties agreed to go forward with termination without having *313 the trial court address whether one of the circumstances enumerated in section 39.811(6) existed. The failure to address whether one of these circumstances exists has been the sole basis for reversal in several termination cases and would have been in this case had the prospective fathers’ rights not been terminated. We emphasize to trial courts, and to all parties participating in termination proceedings, the importance of heeding this statutory provision in cases where only one parent’s rights are terminated. Even in cases in which the rights of both parents are terminated, trial courts may find it appropriate to address whether any of these circumstances are present as a precaution against the possibility that one parent’s termination is reversed on appeal. See, e.g., J.T. v. Dep’t of Children & Family Servs. (In re L.C.), 908 So.2d 568 (Fla. 2d DCA 2005); N.M. v. Dep’t of Children & Family Servs. (In re V.M.), 893 So.2d 595 (Fla. 2d DCA 2005).

. Cf. McSween v. State Live Stock Sanitary Bd., 97 Fla. 750, 122 So. 239 (1929) (noting that it could properly consider certified copies of orders filed at the oral argument of the case and finding that the events detailed in the orders rendered the issues in controversy moot).