MARSTILLER, J.,
concurring specially.
I agree with the majority opinion that Appellees’ money is not subject to forfeiture under the plain language of the Florida Contraband Forfeiture Act, although I arrive at the conclusion somewhat differently. But this court should refrain from opining on the merits of this appeal and instead should dismiss it because the issues raised are moot.
“A case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief.” Montgomery v. Dep’t of Health & Rehab. Servs., 468 So.2d 1014, 1016 (Fla. 1st DCA 1985). Here, the trial court’s final order directed the Sheriff to “return all monies seized ... within ten (10) days of entry of this Order.” Notably, the order also states, “This Order will be automatically stayed if Petitioner timely appeals this Order and, contemporaneously with the filing of an appeal, files a Bond with the Court covering all monies seized....” The Sheriff returned the money to Appellees and did not file a bond. At oral argument counsel for both parties acknowledged that the money previously seized is now gone.' Consequently, any opinion from this court — reversal or affir-mance — would only serve to advise the Sheriff on future forfeiture efforts under circumstances similar to those in this case.
“It is the function of a judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not to give opinions on moot questions, or to declare principles or rules of law which cannot affect the matter in issue.” Montgomery, 468 So.2d at 1016-17. “‘An appeal should be dismissed where no practical result could be attained by reviewing the questions therein contained. Under such circumstances the appeal may be dismissed of the court’s own motion.’ ” A.G. v. Dep’t of Children & Family Servs., 932 So.2d 311, 314 (Fla. 2d DCA 2006) (quoting DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258, 259 (1943)).