KHOUZAM, Judge.
M.W., the Mother, appeals the circuit court’s denial of her motion to set aside the final judgment of termination of parental rights to G.M.[1] She argues that the court erred by failing to make sufficient findings to support a single-parent termination order under section 39.811(6), Florida Statutes (2011). Because this issue is now moot, we dismiss the appeal.
On March 16, 2011, the circuit court entered an order terminating both the Mother’s and the Father’s parental rights to G.M. The court found that both parents had failed to comply with and had materially breached the case plan. The court also determined that the Father had abandoned the child.
Both parents appealed. The Mother’s appeal was dismissed for failure to prosecute after her attorney found no meritorious grounds on which to base the appeal and the Mother failed to file a pro se brief. The Father’s appeal, on the other hand, resulted in a reversal. See G.M. v. Dep’t of Children & Family Servs., 71 So.3d 924 (Fla. 2d DCA 2011). This court found that the circuit court improperly terminated the *1034 Father’s rights for failure to comply with the case plan because the Father did not have the opportunity to comply — he had been incarcerated for the duration of the case and the Department of Corrections had failed to assist him in completing the case plan tasks. Id. at 926. Further, this court concluded that there was insufficient evidence to support the circuit court’s finding that the Father had abandoned the child. Id. at 926-27. On remand, the circuit court accepted a new case plan for the Father with the goal of reunification.
The Mother filed a motion to set aside the final judgment as to the termination of her parental rights because the judgment had already been reversed as to the termination of the Father’s parental rights and the court had not made findings sufficient to support a single-parent termination order under section 39.811(6), Florida Statutes. The circuit court denied the Mother’s motion, stating that it would reconsider the motion if the Father was reunified with the child.
The Father surrendered his parental rights on April 12, 2012, and a final judgment terminating his parental rights was entered on April 23, 2012, nunc pro tunc to April 12, 2012. “The intervening termination of the [Father’s] rights obviates any alleged need for the trial court to make findings under section 39.811(6)....” A.G. v. Dep’t of Children & Family Servs., 932 So.2d 311, 313 (Fla. 2d DCA 2006). Accordingly, we dismiss the appeal as moot.
Dismissed.
DAVIS and MORRIS, JJ., Concur.

. M.W.'s motion was filed under Florida Rule of Juvenile Procedure 8.270 and invokes Florida Rule of Appellate Procedure 9.130(a)(5).