IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

J.P.,

     Appellant,

 v.                                                                      Case No. 5D16-3789

J.N.,

     Appellee.

_____/

Opinion filed September 1, 2017

Appeal from the Circuit Court
for Putnam County,
Scott C. Dupont, Judge.

Angelique E. Kelley, of The Kelley Firm,
LLC, Saint Augustine, and Lori D. Loftis,
Assistant Regional Counsel, The Office of
Criminal Conflict and Civil Regional
Counsel, Casselberry, for Appellant.

No Appearance for Appellee.


EVANDER, J.

     J.P. appeals a final order for involuntary substance abuse treatment entered

pursuant to section 397.697(1), Florida Statutes (2016). He argues that the petition for

involuntary treatment was not filed in the proper county and, accordingly, the trial court

lacked jurisdiction to enter the order. Although J.P. is no longer committed under the

order on appeal, we choose to address the issue raised because the issue is likely to

recur, yet otherwise evade review.[1]  We conclude that although the petition was filed in the wrong county, it was not void for lack of jurisdiction.

In September 2016, J.P.'s mother filed a Petition and Affidavit Seeking Involuntary Substance Abuse Assessment and Stabilization of J.P. in Putnam County.  The circuit court in Putnam County entered an ex parte order for involuntary assessment and stabilization, directing the sheriff to take J.P. into custody and deliver him to "Stewart Marchman Act Behavioral Healthcare at 330 Kay Larkin Drive, Palatka, FL 32177, or *the nearest available licensed service provider"* for involuntary assessment and stabilization for a period of up to five days.  (Emphasis added).  Four days later, J.P.'s mother filed a Petition for Involuntary Treatment in Putnam County based upon the assessment recommendation of involuntary inpatient treatment.  At the time J.P.'s mother filed the petition for involuntary treatment, J.P. was located in a detoxification facility in Volusia County.

At the subsequent hearing, J.P., through appointed counsel, moved to dismiss the petition for lack of jurisdiction.  He argued that section 397.681, Florida Statutes, requires a petition for treatment to be filed in the county where the person is located.  Because J.P.'s mother filed the petition for involuntary treatment in Putnam County rather than

---

[1] Generally, a case that has been rendered moot will be dismissed.  *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992).  A case is rendered moot when it no longer presents an actual controversy or when the issues have ceased to exist because they have been "so fully resolved that a judicial determination can have no actual effect."  *Id.* (citing *DeHoff v. Imeson*, 15 So. 2d 258 (Fla. 1943)).  However, Florida courts have recognized at least three instances in which a moot case will not be dismissed:  (1) when the issues are of great public importance; (2) when the issues are likely to recur; and (3) when collateral legal consequences flow from the issues to be resolved that may affect the rights of a party.  *Mazer v. Orange Cty.*, 811 So. 2d 857, 859 (Fla. 5th DCA 2002).

Volusia County, it was J.P.'s position that the court was without jurisdiction to consider the petition.

A facility representative explained that J.P. was in Volusia County at the time the petition for treatment was filed because Volusia County had the closest licensed addictions receiving facility qualified to perform an involuntary substance abuse assessment. He later clarified that an assessment could have been performed in Putnam County, but J.P. needed detoxification, so he was sent to the nearest addictions receiving facility. J.P.'s mother argued that J.P. resided in Putnam County and was located in Putnam County at the time she filed the petition for assessment. Notably, J.P. only made a lack of jurisdiction argument to the trial court. He did not argue the case should be transferred or dismissed on venue grounds. As a result, the defense of improper venue was waived. Fla. R. Civ. P. 1.140(4)(b).[2]

The trial court denied J.P.'s motion to dismiss and, based on the evidence presented, entered an order for involuntary treatment for substance abuse "for a period not to exceed 60 days." On appeal, J.P. only challenges the trial court's jurisdiction to enter the order.

Based on the plain language of section 397.681(1), we agree that the petition for involuntary treatment should have been filed in Volusia County, where J.P. was "located." That section states, in pertinent part:

> (1) Jurisdiction.-- The courts have jurisdiction of involuntary assessment and stabilization petitions and involuntary treatment petitions for substance abuse impaired persons,

---

[2] If J.P. had raised improper venue as a defense, the appropriate remedy would have been for the trial court to have transferred the case to Volusia County, rather than enter an order of dismissal. *Bush v. State*, 945 So. 2d 1207, 1215 (Fla. 2006).

3

> and such petitions must be filed with the clerk of the court in the county where the person is located.

§ 397.681(1), Fla. Stat. (2016).  However, the filing of the petition in the wrong county did not divest the circuit court in Putnam County of jurisdiction.

Venue and jurisdiction are not synonymous.  Venue concerns the privilege of being accountable to a court in a particular location, while jurisdiction is "the power to act" or the authority to adjudicate the subject matter.  *Bush*, 945 So. 2d at 1211.  All Florida circuit court judges have jurisdiction to consider involuntary substance abuse treatment petitions.  *See* §§ 26.012(2)(b), 397.681(1), Fla. Stat. (2016).  Thus, although the proper venue for the proceeding below was Volusia County, the order entered by the circuit court in Putnam County was not void for lack of jurisdiction.  *See In re Guardianship of Mickler*, 163 So. 2d 257, 260 (Fla. 1964) ("Since the county judges of both counties had the power to act, . . . and, in our view, jurisdiction should be considered apart from venue, we think that in the last analysis the question here is whether or not there was a waiver of the privilege of having the guardianship adjudicated in Hernando County."); *Bambrick v. Bambrick*, 165 So. 2d 449, 455 (Fla. 2d DCA 1964) (concluding that county court judge in Pinellas County (where incompetent was found) had jurisdiction to appoint guardian for incompetent, even though under applicable statute, proper venue for proceeding was in Lake County (where incompetent resided); Pinellas County judge's order was not void).

AFFIRMED.

TORPY and EDWARDS, JJ., concur.

4