# Third District Court of Appeal

## State of Florida

Opinion filed March 14, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1879
Lower Tribunal No. 16-1926
_____

**The City of Sweetwater, Florida, et al.,**
Appellants,

vs.

**Orlando Lopez, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Genovese Joblove & Battista, John H. Genovese and Jesus M. Suarez, for appellants.

Kluger, Kaplan, Silverman, Katzen & Levine, Todd A. Levine and Alan J. Kluger, for appellee.

Before EMAS, FERNANDEZ and LUCK, JJ.

EMAS, J.

## INTRODUCTION

This appeal arises from a dispute between the Mayor of The City of Sweetwater and members of its City Commission. Appellant, The City of Sweetwater ("Sweetwater" or "the City"), Florida, by and through its City Commissioners, Jose M. Diaz, Jose A. Bergouignan, Prisca Barreto, Manuel Duasso, Idania Llanio, Isolina Marano and Eduardo Suarez ("the Commission"), appeals the trial court's entry of two final summary judgment orders in favor of Orlando Lopez, Mayor of The City of Sweetwater ("Mayor Lopez"), on two separate claims made in his complaint. We reverse the summary judgment order on the first claim, as genuine issues of material fact remain in dispute as to the underlying claim. We reverse the summary judgment order on the second claim, and hold that the trial court should have dismissed the underlying claim as moot.

## FACTS AND BACKGROUND

On July 17, 2015, Mayor Lopez submitted a proposed budget for Sweetwater's 2015-16 fiscal year that commenced on October 1, 2015 and ended on September 30, 2016. In an attempt to compensate for the previous year's deficit due to increased expenses, this proposed budget increased Sweetwater's millage rate from approximately 2.74 mills to 4.5065 mills.[1] On July 29, 2015, during a

---

[1] A "mill" or millage is the rate to be applied, for example, in calculating the amount of taxes imposed on real property, with one mill representing one dollar per $1000 in assessed property value. See generally § 192.001, Fla. Stat. (2016). As an illustration, applying the proposed millage rate of 4.5065 mills, a property

special commission meeting, the Commission proposed to set Sweetwater's tentative millage rate for the 2015-16 fiscal year at 2.7493 mills, the same rate as the previous fiscal year. Given this lower millage rate, and in order to propose a balanced budget, Mayor Lopez instituted several layoffs effective August 14, 2015.

Apart from its financial troubles, Sweetwater's police department also needed rebuilding. Mayor Lopez laid off several police officers and also hired four former police officers from the City of Miami police department to comprise its new command staff.

On August 18, 2015, the Commission approved three resolutions: Resolution 4089, directing Mayor Lopez to rescind any layoffs which took place during the months of July 2015 and August 2015; Resolution 4090, imposing a moratorium on layoffs lasting until September 30, 2015; and Resolution 4091, directing Mayor Lopez to eliminate unbudgeted positions for the budget year ending September 30, 2015 (the "Commission Resolutions").

Mayor Lopez vetoed all three Commission Resolutions, and the Commission then overrode each veto. On August 26, 2015, the Commission adopted Resolution 4092, providing for the elimination of funding for certain positions within Sweetwater and prohibiting the use of nearly all "take home"

---

with an assessed value of $100,000 would be taxed in the amount of $450.65.

vehicles by city personnel (the "Budget Resolution"), for the budget year ending September 30, 2015. Again, Mayor Lopez vetoed the Budget Resolution and, again, the Commission overrode his veto.

Mayor Lopez issued a new proposed budget reflecting the lower millage rate the Commission voted for and, on September 14, 2015, the Commission held a special public hearing to consider Mayor Lopez's new proposed budget. At the meeting, the Commission approved Mayor Lopez's new proposed budget as Sweetwater's tentative budget for the 2015-16 fiscal year (the "Tentative Budget"). On September 21, 2015 and September 23, 2015, the Commission held two meetings in which it proposed amendments to the Tentative Budget. On September 28, 2015, the Commission adopted certain budget amendments and adopted a final budget (the "Final Budget"). On October 23, 2015, Mayor Lopez vetoed the Final Budget. On October 28, 2015, the Commission overrode Mayor Lopez's veto of the Final Budget.

On January 4, 2016, the Commission authorized, by a unanimous vote, the filing of a lawsuit on behalf of the City of Sweetwater to resolve the City's disputes with Mayor Lopez. On January 25, 2016, Mayor Lopez filed suit against the City and the Commission, seeking declaratory relief, injunctive relief, and an alternative writ of mandamus. In his complaint, Mayor Lopez alleged that the Commission's 2015-16 Final Budget violated Florida law and the City Charter.

4

Mayor Lopez also alleged that the Commission's Resolutions (4089, 4090, and 4091) and the Budget Resolution (4092) infringed on the mayor's executive powers to appoint and remove city employees. In addition to filing suit, Mayor Lopez vetoed the Commission's Authorizing Resolution and on January 29, 2016, the Commission overrode Mayor Lopez's veto.

On February 2, 2016, the City filed a petition for writ of mandamus (later consolidated as a counterclaim to Mayor Lopez's action) and on April 13, 2016, the City filed an additional counterclaim seeking declaratory relief. Among other things, the City sought to compel Mayor Lopez to implement the Final Budget. On April 4, 2016, the Commission approved Resolution 4171, rescinding Resolutions 4089, 4090 and 4091.

Thereafter, the parties filed cross-motions for summary judgment. Following a hearing, the trial court granted summary judgment in favor of Mayor Lopez and against the City on all counts. In doing so, the trial court found, among other things, that: (i) the Commission's Final Budget is unenforceable because it violates the City Charter and Florida law and therefore, Mayor Lopez is authorized to operate the City using the approved Tentative Budget until such time as the Commission passes a final budget consistent with the Charter and Florida law; (ii) the Commission Resolutions constituted an improper usurpation of the Mayor's administrative and executive authority; and (iii) the Commission lacked authority

5

under the Charter to legislate funding for specific personnel positions through the Budget Resolution.

This appeal follows, and we review de novo the final summary judgment order. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

**ANALYSIS**

**1. Summary judgment in favor of Mayor Lopez on the Commission's 2015-16 Final Budget**

The City of Sweetwater operates under a so-called "strong mayor" form of government. Sweetwater's legislative power is vested in the commission, while its executive authority is vested in the mayor, who is responsible for the administration of the city government. See City of Sweetwater Charter, §§ 3.01, 4.00 ("the Charter").

Section 5.01 of the Charter establishes the City's budget adoption procedure. First, the mayor delivers a budget message and proposed operating budget for the next fiscal year to the city commission. In the budget message, the mayor must include a proposed millage rate for ad valorem taxation in the next fiscal year. Next, the city commission examines the proposed budget and the commission may hold workshop meetings to consider the proposed budget. The commission may also make tentative amendments to the proposed budget by majority vote and adopt a tentative budget as required by state law. The commission must also

6

consider the mayor's millage rate proposal and adopt a tentative millage as required by state law. Lastly, the commission "shall adopt the final operating budget and millage for the next fiscal year . . . by resolution or ordinance, as required by state law." The Charter expressly provides that "[i]n the event the city commission fails to adopt an operating budget for the ensuing fiscal year as required by state law and this Charter, the city may continue fiscal operations as provided by state law."

In addition, Section 5.02 of the Charter authorizes the commission to amend the budget in the event the fiscal year revenues will be in excess of those estimated or insufficient to meet the amount appropriated.

As provided in the Charter, the budget must also comply with state law, specifically, Chapter 166, Florida Statutes, which governs municipalities. Section 166.241(2) provides in relevant part:

> The ***amount available from taxation and other sources***, including balances brought forward from prior fiscal years, must equal the total appropriations for expenditures and reserves. At a minimum, the adopted budget must show for each fund, ***as required by law and sound financial practices***, budgeted revenues and expenditures by organizational unit which are at least at the level of detail required for the annual financial report under s. 218.32(1).

(Emphasis added.)

The City contends the trial court erred in determining there were no genuine issues of material fact and in granting summary judgment in favor of Mayor Lopez

7

upon a determination that Mayor Lopez had the authority to refuse to implement the 2015-16 Final Budget as passed by the Commission. We agree with the City that summary judgment was improper, given the existence of genuine issues of material fact.

Mayor Lopez contended that he was authorized to refuse implementation of the Final Budget, as passed by the Commission, because it was not a balanced budget and because it failed to utilize sound financial practices, as evidenced by the inclusion of $2 million in projected revenue from the sale of public land.[2] Mayor Lopez supported this contention with an affidavit from Richie C. Tandoc, a certified public accountant, who opined, *inter alia*, that the Final Budget adopted by the Commission was not a balanced budget and was not prepared in compliance with section 166.241(2) or in accordance with generally accepted accounting principles.[3]

---

[2] Mayor Lopez contended that this projected revenue was not "available" within the meaning of section 166.241(2), because this public land: 1) had not been appraised; 2) was not under contract for sale; 3) could not be sold unless such action was approved by a referendum, as required by the Charter; and 4) had not been the subject of a required referendum. Further, the City owed $1.9 million for an existing line of credit that was due to be paid on November 1, 2015, which debt was not included in the Commission's Final Budget.

[3] In addition, the City's independent auditor, Carlos Trueba, testified that, as a financial professional, he could not justify including in the budget the proceeds from the sale of the public land, because doing so violated sound financial practices and generally accepted accounting principles.

The City, in opposition to Mayor Lopez's motion for summary judgment (and in support of its own cross motion for summary judgment) submitted two affidavits from Deede Weithorn, a certified public accountant retained by the City. Ms. Weithorn averred that, in addition to her thirty-year career as a CPA, she led the City of Miami Beach's budget formulation during most of her eight-year tenure as a Miami Beach City Commissioner. Ms. Weithorn opined, *inter alia*, that the Final Budget was balanced and complied with the requirements of section 166.241(2).

The competing affidavits submitted in support of the parties' respective positions created a genuine issue of material fact, and therefore the trial court erred in entering judgment in favor of Mayor Lopez on this claim. Holl v. Talcott, 191 So. 2d 40, 43-45 (Fla. 1966); Taylor v. Florida City, 322 So. 2d 35 (Fla. 3d DCA 1975). We reverse the final summary judgment entered in favor of Mayor Lopez as to the 2015-16 Final Budget and remand for further proceedings,

**2. Summary judgment in favor of Mayor Lopez challenging the validity of the City's Commission Resolutions and Budget Resolution for the 2014-15 fiscal year**

On August 18, 2015, the Commission adopted three Commission Resolutions: Resolution 4089, directing Mayor Lopez to rescind any layoffs which took place during the months of July 2015 and August 2015; Resolution 4090, imposing a moratorium on layoffs lasting until September 30, 2015; and

9

Resolution 4091, directing Mayor Lopez to eliminate unbudgeted positions for the budget year ending September 30, 2015. On August 26, 2015, the Commission adopted a Budget Resolution (Resolution 4092), providing for the elimination of funding for certain positions within Sweetwater and prohibiting the use of nearly all "take home" vehicles by city personnel (the "Budget Resolution"), for the budget year ending September 30, 2015.

Mayor Lopez vetoed the Commission Resolutions and the Budget Resolution, and the Commission subsequently overrode those vetoes. Mayor Lopez did not enact or implement either the Commission Resolutions or the Budget Resolution. Instead, four months later, in January 2016, Mayor Lopez instituted the instant action below, challenging the validity of the Commission Resolutions and the Budget Resolutions. Three months after the action was instituted, the City adopted a resolution (Resolution 4171) rescinding the Commission Resolutions.

The Commission Resolutions and the Budget Resolution all related to the City's 2014-15 fiscal year. These resolutions had all expired of their own accord on September 30, 2015 (the last day of the fiscal year) before Mayor Lopez filed his lawsuit challenging them.[4] Further, the Commission Resolutions were

_____

[4] The Budget Resolution and the Commission Resolutions expired on September 30, 2015, the last day of the City's 2014-15 fiscal year. By that date, neither the Commission Resolutions nor the Budget Resolution had been implemented and therefore could have no effect. Mayor Lopez did not file the subject action until

10

expressly rescinded by the City during the pendency of the action below. These circumstances, the City argues, rendered moot any challenge by Mayor Lopez because no justiciable controversy existed for the trial court to resolve. We agree.

"An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect." Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992) (citing Dehoff v. Imeson, 15 So. 2d 258 (Fla. 1943)). A narrow exception to the mootness doctrine permits courts to decide an otherwise moot issue "[i]f the underlying dispute is 'capable of repetition, yet evading review.'" Richmond Newspapers, Inc., v. Virginia, 448 U.S. 555, 563 (1980) (quoting Southern Pacific Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911)). See also Morris Publ'g Grp., LLC v. State, 136 So. 3d 770, 776 (Fla. 1st DCA 2014) (holding that the mootness exception applies when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again").

We conclude that this exception is inapplicable to the instant case. There is nothing to establish a reasonable expectation that the mayor will be subjected to the same action again or that such a dispute is likely to recur.[5] We also note that

---

January 25, 2016.

[5] The City of Sweetwater was formed in 1941, and there is no evidence presented upon this record to suggest such an issue has ever arisen in its 75-year history.

11

the Mayor Lopez waited several months after adoption of the resolutions at issue before filing suit to challenge their validity, undermining any assertion that this action meets the "evading review" prong.[6]

Because the Commission Resolutions and Budget Resolution expired of their own accord or ceased to be capable of implementation, well prior to the institution of the action below, the trial court erred in resolving challenges to their validity. In the instant case there was no longer "a bona fide, actual, present, and practical need for the declaration" sought by Mayor Lopez as to these Resolutions. Dept. of Envtl. Prot. v. Garcia, 99 So. 3d 539, 544 (Fla. 3d DCA 2011). The summary judgment on the Commission Resolutions and the Budget Resolutions amounted to an advisory opinion which courts will not render. Martinez v. Scanlan, 582 So. 2d 1167, 1174 (Fla. 1991).

---

[6] The circumstances of this case involve the executive and legislative branches of a local government opposing one another regarding issues that at least touch upon aspects of a political question, further cautioning against judicial intervention. See Baker v. Carr, 369 U.S. 186, 217 (1962) (setting forth six criteria to be considered in gauging whether a case involves a political question: (1) a textually demonstrable commitment of the issue to a coordinate political department; (2) a lack of judicially discoverable and manageable standards for resolving it; (3) the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; (4) the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; (5) an unusual need for unquestioning adherence to a political decision already made; or (6) the potentiality of embarrassment from multifarious pronouncements by various departments on one question).

We agree that the trial court erred in reaching the merits of, and in entering final judgment in favor of Mayor Lopez on, his summary judgment motion regarding the Commission Resolutions and the Budget Resolution. We reverse with directions to dismiss the claims as moot.

## CONCLUSION

We therefore reverse the trial court's two final summary judgment orders in favor of Mayor Lopez, and remand with directions and for further proceedings consistent with this opinion.