# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-49
_____

Y.G., Mother of A.P., a Child,

    Appellant,

    v.

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
David Gooding, Judge.

May 3, 2018

WINOKUR, J.

Y.G. appeals the trial court's order terminating her parental rights to her son A.P. Because the trial court should have continued the trial after Y.G. consented to A.P.'s adoption, we reverse.

## I. BACKGROUND

On September 14, 2017, the Department of Children and Families (DCF) sheltered A.P., an infant less than two weeks old. On October 9, Y.G. executed a consent to adoption and relinquishment of rights in favor of the maternal grandfather. DCF then filed an adoption case plan and expedited petition for termination of parental rights (TPR) as to Y.G. On October 31,

the grandfather filed Y.G.'s consent to adoption and a notice of appearance as an intervenor, and DCF filed an approved relative home study on the grandfather.

Y.G. filed a motion for continuance of the TPR trial, arguing that she had a right to private placement of A.P., she consented to his adoption, an approved relative home study of the grandfather had been filed, and the grandfather would soon file a motion to intervene once an adoption home study was completed. At a hearing November 28, the trial court declined to wait on a potential motion to intervene to be filed, denied the motion to continue, and set the single-parent TPR trial for December 4.

On December 3, the grandfather filed a motion to intervene and transfer custody of A.P. He attached an adoption home study, which was approved on December 1.

Before trial the next day, DCF and the guardian ad litem (GAL) stated that the grandfather's motion was sufficient, but objected, arguing that a transfer of custody was not in A.P.'s best interests. The trial court stated that it would "take in the motion" during "the best interest part" of the TPR trial. The grandfather moved to continue the trial so he could participate in discovery, understand the basis of the objection, and procure witnesses. The trial court denied the motion to continue. The grandfather declined the invitation to present his motion as part of the TPR trial.

Y.G. then renewed her motion to continue on the basis of the recently-filed motion to intervene. She argued that she had a right to consent to adoption, and the grandfather's motion to intervene required a hearing as to A.P.'s best interests relevant to the grandfather's adoption. Additionally, she argued that a brief continuance would not prejudice A.P., as his permanency would not be affected; permanency would not be achieved until the father's rights were terminated, which would not occur until at least mid-December due to DCF's intended service of notice by publication. The trial court denied Y.G.'s motion to continue and conducted the TPR trial, after which it terminated Y.G.'s parental rights to A.P.

2

## II. CONSENT TO ADOPTION

Section 63.082, Florida Statutes, governs proceedings related to a parent's consent to adoption.

> If a parent executes a consent for adoption of a minor with an adoption entity or qualified prospective adoptive parents and the minor child is under the supervision of the department . . . , but parental rights have not yet been terminated, the adoption consent is valid, binding, and enforceable by the court.

§ 63.082(6)(a), Fla. Stat. Once the parent executes a consent for adoption, the trial court must permit the adoption entity to intervene in the dependency case. § 63.082(6)(b), Fla. Stat. The "dependency court shall promptly grant a hearing to determine whether the adoption entity has filed the required documents to be permitted to intervene and whether a change of placement of the child is in the best interests of the child." § 63.082(6)(c), Fla. Stat. "In determining whether the best interests of the child are served by transferring the custody of the minor child to the prospective adoptive parent," the trial court must consider eight factors, including the "right of the parent to determine an appropriate placement for the child." § 63.082(6)(e), Fla. Stat. If the trial court determines that the prospective adoptive parents are properly qualified and adoption is in the best interests of the child, the court must transfer custody of the child to the prospective adoptive parents. § 63.082(6)(d), Fla. Stat.[1]

---

[1] The parties appear to have proceeded on the basis that the grandfather, or his counsel, was an "adoption entity" for purposes of section 63.082(6)(b)-(d). *See* § 63.032(3), (10), & (18), Fla. Stat. (defining "adoption entity" to include "intermediary" and defining "intermediary" as "an attorney who is licensed or authorized to practice in this state and who is placing or intends to place a child for adoption . . . ."). We presume, without deciding, that the grandfather or his counsel was an adoption entity, because it was not addressed below and because it is not relevant to the question of whether the trial court abused its discretion in denying Y.G.'s motion to continue.

Appellate courts have addressed compliance with section 63.082 in the context of dependency proceedings when consent to adoption has been given before parents have lost their parental rights. *See E.Q. v. Fla. Dep't of Children & Families*, 208 So. 3d 1258, 1261 (Fla. 3d DCA 2017) (holding that when a trial court considers a motion to transfer a dependent child, it "must consider the wishes of the parent or parents, if their parental rights have not been terminated, and weigh those wishes with the other [] factors articulated in section 63.082(6), which relate to the best interests of the child"); *R.L. v. W.G.*, 147 So. 3d 1054 (Fla. 5th DCA 2014) ("The mother's choice of placement with a prospective parent when her parental rights were still intact was an exclusively parental decision. The decision was subject only to the trial court determining that the prospective parent was properly qualified and that the adoption was in [the child's] best interests."); *In re S.N.W.*, 912 So. 2d 368, 374 (Fla. 2d DCA 2005) (reversing because the trial court erred in putting aside the mother's consent to adoption and denying the adoption entity's motion to intervene). In deference to the parent's "constitutional right to the care, custody, and control of their children," a trial court may not compare the selected prospective adoptive parents with other placements the court or DCF might otherwise choose. *In re S.N.W.*, 912 So. 2d at 373 n.4; *see also In re Adoption of K.A.G.*, 152 So. 3d 1271, 1275 n.4 (Fla. 5th DCA 2014) (agreeing that courts may not make a comparative assessment of placements if the parents have selected prospective adoptive parents).

Here, the question is not whether the trial court erred in ruling on the motion to intervene, as a ruling was never issued. After the grandfather filed his motion to intervene, a best-interests hearing pursuant section 63.082(6) was required. Because none of the parties were prepared to proceed on a hearing as to the grandfather's adoption, Y.G. moved to continue the previously-scheduled TPR trial.

III. MOTION FOR CONTINUANCE

"Whether to grant or deny a motion to continue a trial is a matter that rests within the sound discretion of the trial judge." *Shands Teaching Hosp. & Clinics, Inc. v. Dunn*, 977 So. 2d 594,

4

599 (Fla. 1st DCA 2007). This discretionary decision is given even greater deference than others. *Id.* "However, there are indeed cases in which the appellate court will have no alternative but to reverse, because the injustice caused by the denial of the motion outweighs the judicial policy of deferring to the trial judge." *Id.*

As discussed in Part II, Y.G.'s consent was "valid, binding, and enforceable," and the trial court was required to hold an evidentiary hearing to determine the best interests of A.P. in relation to the grandfather's potential adoption. Due to the recent filing of the grandfather's motion to intervene, the parties were not prepared to hold this best interests hearing when they arrived for the scheduled TPR trial on December 4.

In considering whether the trial court abused its discretion in denying a motion for continuance, appellate courts must consider three factors: 1) whether denial of the motion creates injustice for the movant; 2) whether the cause of the request was foreseeable or due to dilatory practices; and 3) the potential of prejudice or inconvenience to opposing parties. *See Garner v. Langford*, 55 So. 3d 711, 714 (Fla. 1st DCA 2011) (quoting *Fleming v. Fleming*, 710 So. 2d 601, 603 (Fla. 4th DCA 1998)); *see also C.J. v. Dep't of Children & Families*, 756 So. 2d 1108, 1109–10 (Fla. 3d DCA 2000) (identifying best interests of the child and fairness to the parents as primary concerns).

Upon review, we conclude that the trial court abused its discretion in denying Y.G.'s motion to continue the TPR trial. As to the first factor, the denial created injustice for the movant. While Y.G.'s parental rights remained intact, she consented to the adoption of A.P. by his grandfather. Y.G.'s right to select adoptive parents, though not absolute and to be considered with other factors, is significant, and she was deprived of it. Second, no dilatory practices are demonstrated. The week before the trial was scheduled, Y.G. moved for a continuance, stating that the grandfather would soon file a motion to intervene when an adoptive home study was completed.[2] Shortly after the trial court

---

[2] This delay stems from the grandfather's counsel's apparent belief that an adoptive home study (in addition to the relative home study) was required under section 63.082(6)(b), Florida

denied the motion, the home study was completed, the grandfather moved to intervene, and Y.G. renewed her motion. While this renewed motion was foreseeable, Y.G. put the trial court on notice of the impending motion the week before trial. Lastly, there would be little, if any, apparent prejudice to DCF, GAL, or A.P. if the trial court were to grant the continuance. As DCF was proceeding on a single-parent TPR petition, A.P. would not achieve permanency for at least almost two weeks, when DCF intended to provide notice by publication to A.P.'s father. DCF and GAL could choose to present evidence in a best-interest hearing in opposition to a transfer of custody, but any effort required to do so creates little prejudice in relation to Y.G.'s right to select the adoptive parents of her child. After consideration of the evidence and interests presented, the factors weigh in favor of granting Y.G.'s motion for continuance.

## IV. CONCLUSION

While it is understandable that a trial court would deny a motion to continue filed the day before trial, the trial court should have granted Y.G.'s motion to continue the TPR trial and scheduled proceedings consistent with section 63.082(6). For these reasons we REVERSE the order terminating Y.G.'s parental rights, and REMAND for proceedings consistent with this opinion.

MAKAR, J., concurs; WINSOR, J., dissents with opinion.

------------------------------

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

------------------------------

WINSOR, J., dissenting.

We should reverse a trial court's decision denying a continuance "only in very rare situations," *Shands Teaching*

---

Statutes. There is no evidence that this delay was intended for delay's sake.

6

*Hosp. & Clinics, Inc. v. Dunn*, 977 So. 2d 594, 599 (Fla. 1st DCA 2007)—and only when "a palpable abuse of discretion . . . clearly and affirmatively appear[s] in the record," *Geralds v. State*, 674 So. 2d 96, 99 (Fla. 1996). This is not one of those situations.

Appellant wanted her father to adopt her infant child. So, on October 9, 2017, she executed a consent to adoption. The grandfather was soon aware of the consent, which he filed with the court on October 31. Yet the grandfather waited nearly five weeks more before submitting a motion to intervene the night before the final hearing. (The motion was filed with the clerk the next day.)

The morning the final hearing began, the mother moved for a continuance, which the court denied. The mother now argues that the court should have continued the matter so that the grandfather (who makes no appearance on appeal) could pursue his intervention motion at some unspecified future time. The grandfather's counsel was there, and he explained that the grandfather was not yet ready to argue his motion, that he needed unspecified discovery before he could show that his adopting the child would be in the child's best interests.

On the particular facts we face, I cannot agree that the trial court acted beyond the bounds of its wide discretion. *See Geralds*, 674 So. 2d at 99. Even if I were convinced I would have handled the continuance request differently, I see no basis to reverse. *See Neville v. McKibben*, 227 So. 3d 1270, 1273 (Fla. 1st DCA 2017) ("There is no abuse of discretion where reasonable persons could differ as to the trial court's ruling.").

———————————————

Sarah Rahn Thomas, Assistant Regional Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Jacksonville, and Crystal M. Frusciante, Assistant Regional Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Region One, Sunrise, for Appellant.

Ward L. Metzger, Appellate Counsel, Department of Children and Families, Jacksonville, for Appellee; David P. Krupski, Appellate Counsel, Guardian ad Litem Program, Sanford.