DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELLEN KAPLAN, ESQ.,**
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D2023-1394

[March 6, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Hope Bristol, Judge; L.T. Case No. 16-4524 DP.

Ellen M. Kaplan, Esq., Coral Springs, for appellant.

Carolyn Schwarz, Children's Legal Services, Fort Lauderdale, for appellee Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Statewide Guardian Ad Litem Office, Tallahassee, for appellee Guardian Ad Litem.

PER CURIAM.

This appeal arises out of a termination of parental rights proceeding. The appellant, an adoption entity which moved to intervene in the termination proceedings, appeals from the trial court's denial of the motion to intervene. We dismiss the appeal as moot.

During the termination of parental rights proceedings, the mother, on three occasions, executed a consent for adoption. After a law firm's motion to intervene based on the mother's consent was denied, the appellant moved to intervene, submitting an amended consent. The trial court denied that motion as well. Four days before the adjudicatory hearing on the termination petition was scheduled to be held, the appellant submitted yet another amended consent and again moved to intervene. After a hearing, the trial court denied the motion, finding the written consent indicated the mother believed she could withdraw her consent, without

limit, if the trial court did not approve the placement chosen by the mother. The court also found the home study was insufficient, and it denied the appellant's motion for a continuance.

On appeal, the appellant argues that the trial court erred in the following respects: (1) denying the motion to intervene without holding an evidentiary best interests hearing, (2) finding the consent was invalid and that the home study was insufficient, and (3) denying the appellant's motion for a continuance to attempt further amendment of the consent. We decline to address the merits of these issues, as the appeal is moot based on our affirmance of the termination of parental rights judgment in the mother's appeal of that judgment.

"A case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief." *Montgomery v. Dep't of Health & Rehab. Servs.*, 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985). In asserting that the appeal is not rendered moot by the affirmance of the termination of parental rights, the appellant cites *Y.G. v. Department of Children & Families*, 246 So. 3d 509 (Fla. 1st DCA 2018), but that case is distinguishable. There, the mother appealed an order terminating her parental rights, arguing in part that the court should have continued the termination of parental rights trial, since the mother had executed a consent to adoption in favor of a relative, and the relative had filed a motion to intervene. *Id.* at 510-11. On appeal, the court held that the trial court erred in denying the mother's motion for continuance, and it reversed the order terminating parental rights. *Id.* at 513.

This appeal is not from the order terminating parental rights. Even if this court reached the merits of the arguments on appeal and found the trial court erred, the mother's consent cannot now be given effect, as the termination judgment placed the child in the custody of the Department of Children and Families for adoption. *See* § 39.812(1), Fla. Stat. (2023) ("If the department is given custody of a child for subsequent adoption in accordance with this chapter, the department may place the child with an agency as defined in s. 63.032, with a child-caring agency registered under s. 409.176, or in a family home for prospective subsequent adoption. The department may thereafter become a party to any proceeding for the legal adoption of the child and appear in any court where the adoption proceeding is pending and consent to the adoption, and that consent alone shall in all cases be sufficient.").

Because the appeal is moot, we dismiss. *See Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992) ("A moot case generally will be dismissed."); *A.G.*

2

*v. Dep't of Child. & Fam. Servs.*, 932 So. 2d 311, 314 (Fla. 2d DCA 2006) (recognizing that a court may dismiss a case as moot on its own motion "where no practical result could be attained by reviewing the question therein" (quoting *DeHoff v. Imeson*, 15 So. 2d 258, 259 (Fla. 1943))).

*Dismissed.*

DAMOORGIAN, CIKLIN and GERBER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***